[Crim. No. 40221. Second Dist., Div. One. Mar. 26, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ADAM WILSON, Defendant and Appellant.

COUNSEL

Wilbur F. Littlefield, Public Defender, Leighton A. Nugent, Herbert M. Barish, John Hamilton Scott and Laurence M. Sarnoff, Deputy Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BULGRIN, J.*—

I

STATEMENT OF THE CASE AND FACTS

On August 13, 1980, information number A-359758 was filed against appellant charging two counts of robbery. Appellant was represented by

*Assigned by the Chairperson of the Judicial Council.

the public defender and entered a plea of guilty to Penal Code section 487, subdivision 2 (grand theft from the person), on January 21, 1981.

On April 10, 1981, sentence was pronounced. Proceedings were suspended and appellant placed on probation for three years under certain designated conditions. Pursuant to the present terms of the grant, probation will not expire until April 1, 1984.

In the minutes entered by the county clerk, under "conditions listed below" was, among others, a 270-day county jail sentence and requirement of restitution. Following the heading "FURTHER ORDER AS FOLLOWS/ADDITIONAL CONDITIONS OF PROBATION:" were the handwritten words "Defendant to pay cost of probation services as directed by probation officer."

On January 21, 1981, before the guilty plea was entered in open court, the deputy district attorney engaged in a colloquy with appellant with respect to his constitutional rights and an understanding between his attorney, the district attorney and the judge as to sentencing. In part, he was told "You could receive some sort of felony probation. As a condition of that felony probation you may do up to a year in the county jail, and *if you were to violate the terms and conditions of that probation*, even while in custody, you might be brought back into a court, have your probation revoked, and *might then be sentenced to state prison* for the term prescribed by law, which is, as I told you, 16 months two years or three years." (Italics added.)

On April 10, 1981, when sentence was imposed, the court declined to send appellant to the California Youth Authority, and imposed county jail time. The court admonished him in no uncertain terms regarding the consequences of his former unlawful activities and new responsibilities under probation. He was told: ". . . you get into any further trouble the next spot is the state prison."

The actual language used by the court with respect to the payment of probation costs differs from the clerk's written entry. The words spoken were "He is to pay the cost of probation services in an *amount and manner as determined by the probation officer.*" (Italics added.)

The public defender, in effect, objected to the inclusion of this requirement "as part of a condition of probation."

## II

### QUESTION ON APPEAL

■ The sole issue decided on appeal is whether or not the language of Penal Code section 1203.1b authorizes the costs of probation services to be included within the terms and conditions of probation.

## III

### STATUTE INVOLVED

Pertinent portions of Penal Code section 1203.1b subdivisions (a) and (b) are as follows: "(a) In any case in which a defendant is *convicted* of an offense *and granted probation*, the court may, after a hearing, make determination of the ability of the defendant to pay all or a portion of the reasonable cost of probation; and conducting the presentence investigation and preparing the presentence report made pursuant to Section 1203. The reasonable cost of such services and of probation shall not exceed the amount determined to be the actual average cost thereof. The court may, in its discretion, hold additional hearings during the probationary period. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of such costs. At a hearing, the defendant shall be entitled to have, but shall not be limited to, the opportunity to be heard in person, to present witnesses and other documentary evidence, and to confront and cross-examine adverse witnesses, and to disclosure of the evidence against the defendant, and a written statement of the findings of the court. If the court determines that the defendant has the ability to pay all or part of the costs, the court may set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. . . .

"If practicable, the court shall order payment to be made on a monthly basis as directed by the probation officer. *Execution may be issued on the order in the same manner as a judgment in a civil action.* The order to pay all or part of the costs shall not be enforced by contempt.

"A payment schedule for reimbursement of the costs of presentence investigation based on income shall be developed by the probation department of each county and approved by the presiding judges of the municipal and superior courts.

"(b) The term 'ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of conducting the presentence investigation, preparing the presentence report, and probation, and shall include, but shall not be limited to, . . ." (Italics added.)

### DISCUSSION

A careful examination of all of the language of Penal Code section 1203.1b shows that the Legislature authorized proceedings to collect certain costs which could be carried out contemporaneously with the period of probation.

The trial court may determine defendant's ability to pay and the reasonable costs of probation not to exceed the average costs thereof. It is clear that the court is authorized to make such a determination only *after* probation has been granted. No other particular restriction has been placed on the time a determination can be made under the terms of the statute.

A determination can be done immediately after probation is imposed. The statute mentions two of the costs, to wit, the presentence investigation and preparing the presentence report. These two costs are known at time of sentence as the probation department was ordered in Penal Code section 1203.1b, subdivision (a), to develop a payment schedule for reimbursement of costs of presentence investigating based on income. Implicit in that direction is the basic computation of the "actual average cost thereof." Thus, an initial hearing could be held soon after probation is granted to cover those costs alone.

That the Legislature also envisioned a "pay as you go" plan in Penal Code section 1203.1b is shown by the language "The court may, in its discretion, hold additional hearings during the probation period."

Apparent in the record is the fact the court intended to and did delegate the assessment of the amount due and the manner of payment to the probation officer. It is plain from the words of the statute that the

court itself must hold hearings, if any, and make all orders attendant thereto. While the probation officer is an important adjunct, as well as possibly some other designated "county officer," it is the court which bears the responsibility to personally conduct the proceedings and render the judgments. This duty is not delegable under the statute. To hold otherwise would fly in the teeth of the constantly repeated directions of section 1203.1b.

The word "may," which also appears over and over again, refers not to such a delegation but, as appellant rightfully contends, the discretion a court has to make or not to make an order for payments even after a finding of ability to pay.

The record herein also indicates without question that the superior court intended to and did include the condition of payment of probation costs within the terms of probation itself. We hold that after the granting of probation, the court may initiate proceedings under section 1203.1b which, although existing contemporaneously with the period of probationary supervision, are collateral in nature. It follows that the payment of costs of probation cannot be included under the terms and conditions of probation, but must be handled separately as provided by the clear language of section 1203.1b of the Penal Code.

Penal Code section 987.8 provides for cost of appellant's counsel and the language is comparable to that found in section 1203.1b. Each statute seeks to accomplish a similar goal, collection of taxpayer dollars expended in conducting certain areas of prosecution. The correlation of the two statutes is not diminished in any respect. (See *People* v. *Johnson* (1972) 27 Cal.App.3d 781 [104 Cal.Rptr. 807].)

The explicit language of section 1203.1b gives the only remedy for enforcement. "Execution may be issued on the order in the same manner as a judgment in a civil action." The following words "The order to pay all or part of the costs shall not be enforced by contempt." does not by implication open Pandora's Box.

Implicit in the superior court's remarks at sentence was a determination to invoke harsh sanctions on appellant should he get into "any further trouble." The ". . . next spot is the state prison." While the court was primarily concerned about restitution, occupational training and lawful employment, the cost of probation services is in there with

the other conditions of probation. However, even without the initial colloquy in open court regarding an understanding of possible state prison for violation of probation, or the court's later expressed intent to keep a tight rein on appellant during probation, the record of the conditions of probation itself, as it now stands, impinges on the right of appellant under Penal Code section 1203.1b to be free from the ever present threat of imprisonment for nonpayment of costs of probation services.

The holding herein leaves no further question to be decided by this court.

The invalid condition of probation in no way affects the other proper conditions and may be deleted from them.

The case is remanded to the Superior Court of Los Angeles County which is directed to modify the terms and conditions of probation by excising the condition of probation that appellant pay the costs of probation services as directed by the probation officer and also for a determination to be made by that court as to whether or not proceedings will be instituted under section 1203.1b of the Penal Code pursuant to the guidelines of this opinion.

The judgment is affirmed with directions.

Spencer, P. J., and Dalsimer, J., concurred.