[No. B024463. Second Dist., Div. Five. Dec. 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
LAMONT BENNETT, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Larry R. Pizarro, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Robert C. Schneider, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

FEINERMAN, P. J.—Defendant was convicted of possession of marijuana for sale (Health & Saf. Code, § 11359), following submission of the case for trial on the preliminary hearing transcript.[1] He was placed on three years' probation on various terms and conditions, including serving ninety days in county jail and paying for probation services, the costs of which were to be determined by the probation department. Sentence was stayed pending appeal.

Defendant's sole contention on appeal is that the trial court erred in making reimbursement of probation costs a condition of probation and delegating to the probation department the task of determining such costs.

*People* v. *Baker* (1974) 39 Cal.App.3d 550 [113 Cal.Rptr. 248] held that a trial court lacked authority under Penal Code section 1203.1 to condition

---

[1] The submission was made on appropriate waivers. (*In re Mosley* (1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473].)

probation upon reimbursement of the costs of prosecution or of probation supervision. Thereafter, the Legislature enacted Penal Code section 1203.1b which permits the trial court to require a defendant to reimburse probation costs if the court determines, *after hearing,* that the defendant has the ability to pay all or a portion of such costs.

In *People* v. *Wilson* (1982) 130 Cal.App.3d 264 [181 Cal.Rptr. 658], as in the instant case, the trial court directed that the defendant, as a condition of probation, pay the cost of probation services in an amount and manner to be determined by the probation officer. The court on appeal held that Penal Code section 1203.1b did not permit delegation of these determinations to the probation officer, and further, that the procedure which the statute established for recovery of probation costs was collateral to, and could not be made a condition of, granting probation. (130 Cal.App.3d at pp. 268-269.) The court reached this conclusion even though the statute permits the trial court to order the defendant "to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the costs." The interpretation adopted by *People* v. *Wilson, supra,* is sound because the probation department is not equipped to serve in an adjudicating capacity and Penal Code section 1203.1b clearly contemplates a hearing at which "the defendant shall be entitled to have, but shall not be limited to, the opportunity to be heard in person, to present witnesses and other documentary evidence, and to confront and cross-examine adverse witnesses, the disclosure of the evidence against the defendant, and a written statement of the findings of the court." The statute also provides that execution on an order to pay probation costs may be issued in the same manner as in a civil action and cannot be enforced through contempt proceedings. Provision is made for a defendant to petition *the rendering court* for an order modifying or vacating the "judgment" upon changed financial circumstances.

Relying on *People* v. *Keele* (1986) 178 Cal.App.3d 701 [224 Cal.Rptr. 32], the People argue that defendant waived his right to raise the issue by not objecting at sentencing. *Keele, supra,* involved the payment of restitution to the defendant's victims, a long-recognized condition of probation, not reimbursement of probation costs, a collateral matter, strictly regulated by statute. This court noted in *Keele, supra,* that the defendant was not contesting the validity of the condition of probation, but was merely contesting the mechanics of implementation. We also noted that the court had made the determination that restitution was appropriate after a lengthy hearing and review of documentary and testimonial evidence. Both the court and defense counsel had agreed that because of the complex nature of the matter and the large amounts involved, the details of a plan of restitution should be left open ended. It was in this factual context that we held that the

defendant had waived his right to object to a reference to the probation officer by failing to assert it at sentencing.

By contrast, defendant herein has a meritorious challenge to the *validity* of the condition of probation. It was not necessary for him to reject probation in order to test the issue. (*In re Bushman* (1970) 1 Cal.3d 767, 776 [83 Cal.Rptr. 375, 463 P.2d 727].)[2] While it would have been preferable for defendant to have raised an immediate objection, defendant was given no advance notice that the court planned to impose this condition of probation and method of implementation,[3] and the court conducted no hearing on the subject prior to imposing the condition. Under the circumstances here, the failure to object is excused.

The matter is hereby remanded with directions that the trial court strike the condition of probation requiring payment of probation costs, and instead institute proceedings in accordance with Penal Code section 1203.1b to determine the appropriateness and amount of such payments.

In all other respects, the judgment (order granting probation) is affirmed.[4]

Ashby, J., and Boren, J., concurred.

---

[2] Disapproved on other grounds in *People* v. *Lent* (1975) 15 Cal.3d 481, 486, footnote 1 [124 Cal.Rptr. 905, 541 P.2d 545].

[3] The probation report, under the heading "RECOMMENDED TERMS AND CONDITIONS OF PROBATION . . ." made certain recommendations. Under the separate heading "RECOMMENDATION OTHER THAN TERMS AND CONDITIONS OF PROBATION" (emphasis added) the report recommended that if probation were granted "the court" should determine defendant's ability to make payments pursuant to Penal Code section 1203.1b.

[4] Despite the fact that *People* v. *Wilson, supra,* 130 Cal.App.3d 264 has been on the books since 1982, the preprinted minute order of sentencing in this case, dated October 28, 1986, lists as condition of probation No. 21, "PAY COSTS OF PROBATION SERVICES IN AN AMOUNT AND MANNER AS DETERMINED BY PROBATION OFFICER." We have therefore concluded that publication of this opinion is appropriate to call the superior court's attention to the problem which the form creates and to avoid future problems under Penal Code section 1203.1b.