[No. C026947. Third Dist. July 24, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER JOHN HART, Defendant and Appellant.

COUNSEL

George Bond and Colin J. Heran, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and John A. O'Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MORRISON, J.—Defendant entered a plea of no contest to possessing a firearm, having previously been convicted of a felony (Pen. Code, § 12021, subd. (a)(1)), further undesignated statutory references are to this code). Granted probation in accordance with his plea bargain, defendant appeals contending the trial court erred in entering a civil money judgment against him for the fines and costs imposed and challenging certain conditions of his probation. We shall affirm the conviction, vacate the money judgment and modify the conditions of probation.

FACTS

Following entry of defendant's no contest plea, the trial court set defendant's sentencing for April 28, 1997. On that date, county counsel for the County of El Dorado filed a "Notice of Motion for Order of Money Judgment" asking the court to enter a civil money judgment for sums owed to the county pursuant to the criminal conviction. Based upon a declaration by the probation officer stating she had recommended defendant be ordered to pay $1,260 in "fines, restitution and law enforcement assessments as conditions of a grant of probation" the county sought an order for entry of a money judgment in that amount plus interest of 10 percent. Neither the motion nor the accompanying declaration by the deputy probation officer gave specific information on how the amount was calculated.

Defendant's sentencing was continued to May 5, 1997. Neither the clerk's minutes nor the transcript of the April 28 hearing reflects that the county's motion was addressed by the court or discussed by the parties. Nonetheless, the trial court signed the order and judgment as requested on April 28, 1997.

At the judgment and sentencing hearing on May 5, 1997, the trial court granted defendant probation on various terms and conditions as recommended by the probation officer. Defendant was required to serve 180 days

in jail, submit to a search condition, pay a restitution fine of $500, "[p]ay the cost of the probation report in the amount of $460, and cost of probation supervision in an amount and manner to be determined by the Probation Officer, not to exceed $20.00 per month," pay a fee for processing any transfer request and "pay for legal services per 987.8 P.C."

## DISCUSSION

### I

Defendant contends the trial court erred in entering a money judgment in favor of El Dorado County and the judgment should be set aside. Defendant argues the judgment is not authorized by section 1214, was entered prematurely and the amount of the judgment is not clearly related to the amount of fines and fees subsequently ordered at sentencing.

To understand the argument, it is necessary to review the relevant statutes relating to imposition and collection of restitution fines and to orders for recovery of costs of probation reports and supervision and fees for appointed counsel.

When a defendant is granted probation, "the court shall make the payment of restitution fines . . . a condition of probation." (§ 1202.4, subd. (m).) Orders to pay the restitution fine and other fines "may be enforced in the manner provided for the enforcement of money judgments generally." (§ 1214, subd. (a); see Code Civ. Proc., § 695.010 et seq.)[1]

A defendant may also be ordered to pay costs of preparation of the probation report and of supervising probation, if he is able to do so. (§ 1203.1b.) "Execution may be issued on the order . . . in the same manner as a judgment in a civil action. The order to pay all or part of the costs shall not be enforced by contempt." (§ 1203.1b, subd. (d).)

When a defendant is represented by appointed counsel, the court, at the conclusion of the case may make a determination of the defendant's present ability to pay the cost of such representation. (§ 987.8, subd. (b).) "If the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county . . . ." (§ 987.8, subd. (d).) As with orders to pay costs of probation, the "order to pay all or a part of the costs may be enforced in the manner provided for enforcement of money judgments generally but may not be enforced by contempt." (*Ibid.*)

---

[1]Of course, a defendant may satisfy fines by serving time in jail. (§ 1205.)

Thus, each of the orders in question here, i.e., restitution fine, costs of probation, and reimbursement of costs of counsel, is, by statute, made enforceable in the manner of money judgments. The statutes, however, do not authorize the county actually to secure money judgments against defendants for these amounts but rather to execute upon the orders already entered.[2]

Not only is a separate money judgment unauthorized, as execution may issue on the order entered in the criminal case, there is the additional difficulty that a money judgment carries interest at the rate of 10 percent from the date of entry. (Code Civ. Proc., §§ 685.010, 685.020.) The Penal Code does not provide for accrual of interest on restitution fines, attorney fees and probation costs. The Penal Code only permits *enforcement* of the order for such amounts in the manner provided for *enforcement* of money judgments. Accordingly, the trial court may not order entry of a money judgment with its accompanying interest for the fines, fees and costs ordered at sentencing.

The order *entering* the money judgment in this case has additional difficulties. The order was entered prior to defendant's sentencing hearing at which the restitution fine and costs of probation were imposed, thus permitting interest to run before the obligation was created. Further, the individual amounts making up the total award sought were not specified. (Cf. Code Civ. Proc., § 425.11.) One could readily identify the $500 restitution fine and the $460 cost for preparation of the probation report as part of the $1,260 total; however, the source of the remaining $300 is unknown. If, as respondent asserts in its brief, the amount is for costs of supervision of probation, the judgment is invalid as the liability to pay such costs accrues only as each month of supervision occurs and, unless defendant successfully completes the probationary period, may never exist.

For all the above reasons the money judgment entered against defendant must be vacated. The county remains free to enforce the trial court's orders for the restitution fine and costs of probation in the manner described in the Penal Code.

## II

Defendant contends the orders to pay attorney fees and the costs of probation may not be made conditions of his probation.

---

[2]Although not at issue in this case, the statutory scheme for recovery of restitution is similar. (§ 1214.) Thus, if restitution is ordered, the order "(1) is deemed a money judgment if the defendant was informed of his or her right to have a judicial determination of the amount and was provided with a hearing, waived a hearing, or stipulated to the amount of the restitution ordered, and (2) shall be fully enforceable by a victim as if the restitution order were a civil judgment, . . ." (§ 1214, subd. (b).)

He is correct. Unlike orders for restitution and restitution fines which are statutorily required to be included as conditions of probation (§ 1202.4, subd. (m)), attorney fees and costs are not. Courts that have considered the questions have held probation may not be conditioned upon the payment of either sum.

*People* v. *Bennett* (1987) 196 Cal.App.3d 1054, 1056-1057 [242 Cal.Rptr. 380], relying on *People* v. *Wilson* (1982) 130 Cal.App.3d 264, 268-269 [181 Cal.Rptr. 658], held the costs of probation imposed pursuant to section 1203.1b may not be a condition of probation as the costs are collateral and the statute itself provides for enforcement of the order by civil collection. Several cases, most recently *People* v. *Faatiliga* (1992) 10 Cal.App.4th 1276, 1280 [13 Cal.Rptr.2d 190], hold that payment of attorney fees may not be made a condition of probation as it exacts a penalty for the exercise of a constitutional right. Thus, the trial court may order defendant to pay for costs of probation and attorney fees, but may not condition defendant's grant of probation upon payment thereof.

While the grant of probation in this case does order payment of costs of probation as a condition of probation, it does not order defendant to pay attorney fees as a condition of probation. The relevant condition of probation only requires defendant to submit to the assessment process described in section 987.8. As the condition merely directs defendant to cooperate with the probation officer and the court in determining the amount of attorney fees and his ability to pay, it is valid. Accordingly, the order granting probation must be modified to delete the order to pay costs of probation from the conditions of probation, making it simply an order entered at judgment. As such, the order may be enforced as permitted in the relevant statutes.

## DISPOSITION

The money judgment entered April 28, 1997, is vacated. The conditions of probation are modified to delete the requirement to pay the costs of preparation of the probation report and of probation supervision, however, the order that defendant pay such costs is affirmed. As modified, the probation order (judgment) is affirmed.

Puglia, P. J., and Raye, J., concurred.

A petition for a rehearing was denied August 18, 1998, and the opinion was modified to read as printed above.