Filed 6/21/13  P. v. Harder CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C070967 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF10002646) |
| v. | |
| STEPHEN EUGENE HARDER, | |
| Defendant and Appellant. | |

Convicted of workers' compensation fraud, defendant Stephen Eugene Harder appeals, claiming various errors with respect to the fees, fines, and costs the trial court imposed in granting him probation.  In the event we find these claims of error forfeited for failure to raise them in the trial court, defendant contends his trial attorney was ineffective in failing to make these arguments.

We conclude defendant's trial attorney was not ineffective, but we order the trial court to impose the $1,500 penalty assessment and the $35 processing fee as separate orders and *not* as conditions of defendant's probation as the trial court did here. Otherwise, we find no error.

1

FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of five counts of workers' compensation fraud. (Ins. Code, § 1871.4.) The trial court suspended imposition of sentence and placed him on five years' probation subject to various terms and conditions set forth in a three-page written probation order. At the sentencing hearing, the trial court gave the probation order to defendant to sign, along with another document that purportedly "explain[ed] how [the court] calculated the fines and fees that [we]re included in the conditions of probation." The court noted that it would "deal with other issues related to the trial" "[o]nce the defendant signs the probation order" and subsequently noted that defendant had "signed the order of probation in open court giving his consent to [the] terms of probation." Defendant signed the probation order immediately under a line that read, "I hereby certify that I understand the terms and conditions of my probation as set forth in this order."

As relevant here, the probation order provides as follows:

"**PROBATIONER SHALL:**

"[¶] . . . [¶]

"7. Pay $500 as a fine[1] plus $1,500 penalty assessment; plus a processing fee of $35.

"8. (a) Pay $200 $240 as a restitution fine for each felony case and $100 $120 as a restitution fine for each misdemeanor case to the State Restitution Fund pursuant to

---

[1] The People contend "it is a fair inference that the court imposed the $500 fine . . . as part of [defendant]'s punishment" under subdivision (b) of Insurance Code section 1871.4. Defendant does not disagree.

2

PC § 1202.4(b); plus a processing fee of $20 for each felony case and a $10 processing fee for each misdemeanor case.[2]

"[¶] . . . [¶]

"11.   Be confined in the Yolo County Jail for a period of 150 days with credit for time served of . . . a total of 1 days as of 3/23/12 . . . ; probationer is not eligible for any alternative custody program *if* residential treatment is also ordered . . . ; 90 days jail shall be stayed.[3]

"[¶] . . . [¶]

"15.   Pay **restitution** in the sum of $159,801.74 covering losses related to the charge(s) s/he stands convicted of, or in accordance with the plea agreement; plus interest at the rate of 10% per annum; plus a collection fee of 10% of the restitution total; (PC § 1202.4)."

Immediately following the three-page probation order in the clerk's transcript is a preprinted form that provides in pertinent part as follows:

## "**CRIMINAL CONVICTION ASSESSMENT**

"Defendant is hereby ordered to pay a court construction fee of $30 for each misdemeanor and/or felony conviction (Section 70373(a)(1) GC).

"[¶] . . . [¶]

---

**2**    The $200 and $100 amounts were lined through and the $240 and $120 amounts were written in by hand.

**3**    The court stated on the record that defendant was subject to "a 60 day sentence which could be served in any of the alternative programs offered by the Sheriff's Department, electronic monitoring or the Work Program, or any other programs that they're willing to offer" and later stated that, with the 1 day of credit, defendant had "59 days to serve in jail or on one of the alternative programs."

## "**PROBATION FEE ORDER**

"As provided by law, defendant is hereby ordered to pay all applicable probation fees that may include preparation of the pre-plea or pre-sentence report, supervision fee, interstate compact request fee, jurisdictional transfer fee, GPS fee and electronic monitoring fee.

"[¶] . . . [¶]

## "**SENTENCING FEE ORDER**

"Defendant is ordered to pay a sentencing fee if committed to jail as a condition of probation or if allowed to participate in the Work Alternative Program/Jail Work Release Program in lieu of jail.  The amount is established in the Yolo County Master Fee Resolution & may be reduced by Yolo County Collection Services.  (Yolo County Board of Supervisors Resolution #93-78.5.)

## "**COURT SECURITY FEE ORDER**

"Defendant is hereby ordered to pay a court security fee of $40 per convicted offense.  (PC section 1465.8.)"

We will refer to the foregoing as the untitled preprinted form.  Following that form is another that identifies the statutory basis of the penalty assessment (the $1,500) attached to the $500 fine imposed.  (This appears to be the other document the court mentioned at the hearing as having been given to defendant.)

Defendant did not object to any of the fines or fees imposed but filed a timely notice of appeal.

## DISCUSSION

### I

*Forfeiture And Ineffective Assistance Of Counsel*

On appeal, all of defendant's arguments relate to the fines and fees the court imposed as part of the grant of probation.  As a threshold matter, the People contend defendant forfeited all of his challenges to the fines and fees because he did not object in

4

the trial court. Defendant contends that because "the court never made an oral pronouncement of the fees, defense counsel never had any meaningful opportunity to object." In the alternative, defendant contends his trial counsel was ineffective in failing to object.

From the record, it appears defendant had an opportunity to object in the trial court to at least some of the fines and fees the court imposed because the court gave defendant the three-page probation order to sign at the sentencing hearing, and defendant signed the form, acknowledging that he understood the terms and conditions of his probation as set forth in the order. Thus, as to the fines and fees set forth in the three-page written probation order, defendant's failure to object to the order before he signed it resulted in the forfeiture of the challenges he now seeks to raise to those fines and fees. (See, e.g., *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.) Nevertheless, because defendant contends his attorney was ineffective in failing to take the opportunity to object, we will have to consider the merits of defendant's challenges in addressing his assertion of ineffective assistance.

As for the additional fees set forth in the untitled preprinted form (the $30 court construction fee per conviction, the unspecified probation fees, the unspecified sentencing fee, and the $40 court security fee per offense), there is nothing in the record to show that defendant was provided with this form at or before the sentencing hearing and nothing to show that he was otherwise advised of the terms contained on this form when he was placed on probation. Thus, we agree with defendant that he never had a meaningful opportunity to object to the fees set forth on this form, and therefore his challenges to those fees (as opposed to those on the probation order itself) were not forfeited. As to these fees, we will address the merits of defendant's arguments without the filter of his assertion of ineffective assistance.

With this in mind, we turn to defendant's arguments.

II

*Restitution Fine*

Defendant contends the $240 restitution fine the trial court imposed under Penal Code section 1202.4, subdivision (b) "may have violated ex post facto principles."[4] Because defendant did not object to the amount of the restitution fine in the trial court, this challenge to the fine was forfeited. Thus, the only question before us is whether his trial attorney was ineffective in failing to object to the amount of the fine. We conclude that he was not.

At the time of defendant's crimes, the minimum restitution fine was $200. Effective January 1, 2012, the minimum was raised to $240. Consistent with this change, the preprinted probation order the trial court used showed $200 for the amount of the restitution fine, but that amount was lined out and $240 was written in its place.[5]

Defendant contends that based on these facts "it may be reasonably assumed that the court intended to impose the minimum restitution fine pursuant to Penal Code section 1202.4, subdivision (b)" and thus the $240 restitution fine the court imposed "would appear to violate ex post facto principles." He contends his trial counsel was ineffective because he "raised no objection to [a fine] which violated the ex post facto clause."

---

[4]  We disagree with defendant that the trial court imposed a $240 restitution fine for each of his five convictions. The probation order unambiguously provides that defendant shall pay $240 as a restitution fine "for each felony *case*." (Italics added.) The order does not provide for a separate fine for each *charge* or *conviction*. Here, there was only one felony case and therefore only one $240 restitution fine.

[5]  A similar change was made to the amount of the restitution fine for a misdemeanor ($100 to $120), even though that amount did not apply to defendant because his was a felony case.

6

As defendant's varying formulations of his argument show, the $240 restitution fine the court imposed did not *necessarily* violate ex post facto principles. The $240 amount was within the statutory range that applied to defendant ($200 to $10,000); thus, the court could have imposed that amount even if defendant's trial counsel had raised the issue at the sentencing hearing. We also do not agree that on this record the court *necessarily* intended to impose only the minimum applicable restitution fine and had defense counsel advised the court that the minimum applicable to defendant was $200, rather than $240, the court likely would have imposed the lesser amount. The trial court ordered defendant to pay over $159,000 in restitution and there was nothing in the record showing that the court had any intention of giving defendant a break as to the other fines by imposing only the minimum. Moreover, the record is not clear that counsel had no tactical reason to refrain from objecting. Calling attention to the minimum fine could have caused the trial court to increase the fine. On this record, defense counsel was not deficient for failing to object to the imposition of the $240 restitution fine.

### III

### *Fines As Conditions Of Probation*

Defendant next contends the trial court erred in ordering the various fees and fines -- except for the restitution fine -- as conditions of probation. Again, because defendant did not raise this argument in the trial court, this challenge was forfeited, and the only question before us is whether his trial attorney was ineffective in failing to object on this basis.

In *People v. Hart* (1998) 65 Cal.App.4th 902, this court noted that while "orders for restitution and restitution fines . . . are statutorily required to be included as conditions of probation," some other fees and costs cannot be imposed as conditions of probation. (*Id.* at p. 907.) Here, defendant asserts it was error for the trial court to impose the $500 fine, $1,500 penalty assessment, and $35 processing fee contained in the probation order as conditions of probation. He further contends it was error for the trial court to impose

7

the court construction fee, the court security fee, the sentencing fee, and the probation costs contained in the untitled preprinted form as conditions of probation, although defendant asserts that "the record is not clear as to whether these fees and fines were included as conditions of probation."

Dealing first with the fees and costs contained in the untitled preprinted form, defendant asserts only that the court erred *if* it intended to impose these fees and costs as conditions of probation, but he cannot show that the court had this intention, nor do we have any reason to believe that the court did. In the absence of any reason to believe the court imposed these fees and costs as conditions of probation, defendant has failed to show that his trial attorney was ineffective for failing to object to these fees and costs on this basis in the trial court.

Turning to the $500 fine, $1,500 penalty assessment, and $35 processing fee contained in the probation order, the People concede that the penalty assessment and the processing fee should not have been imposed as conditions of probation because they are collateral to defendant's crime and punishment. (See, e.g., *People v. Kim* (2011) 193 Cal.App.4th 836, 842-843.) They further contend, however, that the $500 fine could be imposed as a condition of probation because it was part of defendant's punishment. We agree. As to the remaining assessment and fee, we accept the People's concession. But we do not find counsel deficient for failing to object to the inclusion of the $1,500 penalty assessment and the $35 processing fee as conditions of probation because both could have been imposed as separate orders. But because they should be listed as separate orders and not conditions of probation, we direct the trial court to delete the $1,500 penalty assessment and the $35 processing fee as conditions of probation and instead impose them as separate orders.

IV

*Lack Of Oral Pronouncement Of Fees And Fines*

Relying on *People v. Zackery* (2007) 147 Cal.App.4th 380, defendant contends that with the exception of the victim restitution the court ordered (which the court mentioned on the record), all of the fees and fines must be stricken because the court did not orally pronounce them. Defendant is mistaken. In *Zackery*, this court discussed "the obligation of a trial court clerk to accurately record the *sentence pronounced* by the judge in a criminal proceeding." (*Id.* at p. 382, italics added.) Here, no sentence was pronounced because defendant was placed on probation. By definition, probation is "*the suspension of the imposition . . . of a sentence* and the order of conditional and revocable release in the community under the supervision of a probation officer."[6] (Pen. Code, § 1203, subd. (a), italics added.)

Defendant points to no authority requiring fees and fines imposed as part of a grant of probation to be pronounced orally on the record, as opposed to being included in a written order of probation presented to the defendant at the sentencing hearing, which is what happened here. In the absence of such authority, defendant has failed to show any error on this point.

V

*Imposition Of Fees Without Determination Of Ability To Pay*

Defendant contends the trial court erred in ordering him to pay a $35 processing fee and unspecified probation costs without first determining his ability to pay.

The $35 processing fee appeared on the probation order that defendant signed at the sentencing hearing. Because defendant had the opportunity to challenge this fee in the trial court but did not do so, his challenge was forfeited, and the only question before

---

[6]     Probation can also be granted by imposing sentence but suspending its execution (see Pen. Code, § 1203, subd. (a)), but that is not what the trial court did here.

us is whether his trial attorney was ineffective in failing to object to this fee on this basis. On the appellate record before us, defendant has not shown that his trial counsel could have had no legitimate reason for not insisting on a determination of defendant's ability to pay a *$35* fee, nor has defendant shown a reasonable probability that if his attorney had challenged this fee on this basis a better result would have followed. Accordingly, any relief for ineffective assistance relating to this fee cannot be sought through direct appeal. (See, e.g., *People v. Pope* (1979) 23 Cal.3d 412, 426.)

As for the unspecified probation costs, the order to pay those costs appeared on the untitled preprinted form, and because defendant never had a meaningful opportunity to object to the fees set forth on that form, his challenges to the probation costs were not forfeited. Nevertheless, we find no merit in his argument on this point. Defendant acknowledges that the statutory basis for the probation fees was Penal Code section 1203.1b. That statute provides in pertinent part as follows:

"(a) [I]n any case in which a defendant is granted probation . . . , the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, . . . [and] of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203 . . . . The reasonable cost of these services and of probation supervision . . . shall not exceed the amount determined to be the actual average cost thereof. A payment schedule for the reimbursement of the costs of . . . presentence investigations based on income shall be developed by the probation department of each county and approved by the presiding judge of the superior court. The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment

10

and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver.

"(b) When the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative."

Here, the trial court ordered defendant to "pay all applicable probation fees" "[a]s provided by law." Unlike defendant, we do not understand this order to subvert the procedures called for by Penal Code section 1203.1b, set forth above. Thus, it is for the probation officer to determine in the first instance defendant's ability to pay his probation costs, and defendant is entitled to a court hearing on the probation officer's determination of his ability to pay before he is ordered to pay any particular amount for the costs of his probation. Although the court's probation fee order could have been more explicit on this point, understood in this manner we find no error in it.

VI

*Penal Code Section 654*

Defendant contends the $500 fine and $1,500 penalty assessment the trial court imposed "may have been calculated based upon the multiple counts" that, in defendant's view, "resulted from a course of conduct incident to a single common objective."

11

Accordingly, defendant "submits that the court may have erred in failing to apply Penal Code section 654 to the . . . penal fine which was imposed."

"We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error -- it will not be presumed." (*People v .Garcia* (1987) 195 Cal.App.3d 191, 198.) The assertion that the court *may* have erred because it *may* have failed to apply Penal Code section 654 does not "affirmatively demonstrate error." Accordingly, defendant has not carried his burden on appeal.

## DISPOSITION

Defendant's convictions are affirmed, but the order granting probation is reversed with respect to the $1,500 penalty assessment and the $35 processing fee only. The case is remanded to the trial court with directions to impose the $1,500 penalty assessment and the $35 processing fee as separate orders and *not* as conditions of defendant's probation.

     ROBIE    , Acting P. J.

We concur:

     MAURO    , J.

     DUARTE    , J.