Filed 9/12/13  P. v. Hampton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROY LEE HAMPTON,<br><br>    Defendant and Appellant. | C071235<br><br>(Super. Ct. No. 12F02618) |

Defendant Roy Lee Hampton pleaded no contest to failing to register as a sex offender.  (Pen. Code, § 290.018, subd. (b).)[1]  The trial court placed him on probation for five years and imposed various terms and conditions of probation, including that defendant obey all laws, submit to warrantless search and seizure, and pay a $25 urinalysis testing fee.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant now contends the trial court erred in imposing the $25 urinalysis testing fee as a condition of probation because (1) there is no order for urinalysis testing upon which the urinalysis testing fee could be based; (2) urinalysis testing has no relationship to defendant's conviction or his criminal history; and (3) payment of the fee without justification would have no rehabilitative effect.

The Attorney General responds that the probation condition requiring defendant to submit to warrantless searches and seizures of his person would require defendant to provide a urine sample upon request. Noting the broad discretion of the trial court to impose conditions that foster rehabilitation and protect public safety, the Attorney General argues urinalysis testing and the urinalysis testing fee are reasonably related to deterrence of future criminality, protection of the public, and effective probation supervision.

We conclude (1) the trial court ordered defendant to submit to urinalysis testing as a condition of probation, and defendant and his counsel understood this because defense counsel expressly objected to "the urinalysis test" at sentencing; (2) the trial court did not abuse its discretion in ordering urinalysis testing as a condition of probation, because such testing regulates criminal conduct and relates to the fundamental probation condition that defendant obey all laws; and (3) the urinalysis testing condition serves a rehabilitative purpose and is reasonably related to defendant's future criminality.

Nonetheless, we have identified a different problem with the trial court's imposition of the urinalysis testing fee and court facility fee as conditions of probation. Because those fees are collateral to the offense and cannot be made a condition of probation, we will modify the order granting probation to clarify that payment of those

fees is not a condition of probation but rather an order of the trial court entered at judgment.[2]

We will affirm the order of probation as modified.

## BACKGROUND

The facts surrounding the underlying offense are not relevant to the issue on appeal. Defendant informed the trial court that he wanted to accept the plea deal. Defense counsel informed the trial court that probation conditions had been prepared, and defendant confirmed that he wanted to proceed with sentencing that day.

The trial court accepted defendant's no contest plea, and defense counsel indicated they were ready to proceed with sentencing. Page three of the proposed conditions of probation indicated that "urinalysis testing is $25.00 per test." Defense counsel objected to "the urinalysis test." She said there were no drugs involved in this case. Defense counsel moved to strike "all of those, as well as any non-mandatory fine and fee. The mandatory fines and fees, I would request the minimum."

The trial court indicated that it would adopt most of the proposed probation conditions, but it would make some changes as requested by defense counsel. The trial court added, "[t]hat means if I don't talk about a specific probation condition, it will be adopted without any changes."

The trial court placed defendant on probation for five years and imposed various terms and conditions of probation, expressly referencing that defendant must obey all laws, serve 120 days in custody (with credit for 24 days), register as a sex offender, and submit to warrantless search and seizure. The trial court did not impose the proposed main jail booking fee or main jail classification fee, noting defendant's inability to pay.

---

[2] The parties did not raise this issue in their briefs. Because the law appears clear, however, we will modify the order without further briefing in the interest of judicial economy. Any party aggrieved may petition for rehearing. (Gov. Code, § 68081.)

3

The trial court then said: "Otherwise, I'm going to adopt all your other fines and fees, as well as probation costs." The minute order directed defendant to pay a $25 urinalysis testing fee.

DISCUSSION

I

Defendant initially contends the urinalysis testing fee was unauthorized because there is no order for urinalysis testing upon which the urinalysis testing fee could be based.

It is true the proposed probation conditions did not say defendant was required to submit to urinalysis testing, they merely said "urinalysis testing is $25.00 per test." The trial court did not expressly mention such testing. In imposing sentence, the trial court said: "[I]f I don't talk about a specific probation condition, it will be adopted without any changes." Regarding the proposed fines and fees, the trial court did not impose the proposed main jail booking fee or main jail classification fee, noting defendant's inability to pay, then added: "Otherwise, I'm going to adopt all your other fines and fees, as well as probation costs." The minute order did not say anything about urinalysis testing, but simply directed defendant to pay a $25 urinalysis testing fee.

However, probation conditions "need not be spelled out in great detail in court as long as the defendant knows what they are." (*People v. Thrash* (1978) 80 Cal.App.3d 898, 901.) Here, defendant and his counsel had a written copy of the proposed probation conditions and informed the trial court they were ready for sentencing. The record indicates defendant and his counsel understood that the proposed probation conditions included urinalysis testing, because defense counsel specifically objected to "the urinalysis test." The trial court expressly indicated it would adopt the proposed conditions it did not talk about. Defendant said he understood the terms of his probation, and his counsel did not seek further clarification or assert any further objection. On this

4

record, we conclude the trial court ordered defendant to submit to urinalysis testing, and further ordered defendant to pay a urinalysis testing fee for such testing.

## II

Defendant next contends urinalysis testing has no relationship to his conviction or his criminal history.  He says he was not convicted of a crime necessitating monitoring of unauthorized drug use, and there is nothing in the record indicating that he abuses controlled substances.

We review conditions of probation for abuse of discretion.  (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).)  A probation condition will not be invalidated unless it (1) has no relationship to the defendant's crime, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.  (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), superseded on another ground as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-295.)  The test is conjunctive; all three prongs must be satisfied before a reviewing court will invalidate a probation condition.  (*Lent, supra,* at p. 486, fn. 1; *Olguin, supra,* 45 Cal.4th at p. 379.)  Moreover, a probation condition relating to criminal conduct is valid even if the condition is unrelated to the defendant's crime.  (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 710 (*Kacy S.*).)

In *Kacy S., supra*, 68 Cal.App.4th at pages 708-710, this court upheld a probation condition requiring a minor to submit to urinalysis testing even though drugs and alcohol were unrelated to the minor's offense, and even though the minor's social history did not show involvement with drugs or alcohol.  This court reasoned that, because drug testing detects the presence of alcohol and drugs whose use by minors is unlawful, the condition " ' "relates to conduct which is . . . in itself criminal." ' "  (*Id.* at p. 710.)

Here, urinalysis testing is designed to detect the presence of illicit substances. (*Kacy S., supra*, 68 Cal.App.4th at p. 710.)  Thus, urinalysis testing regulates criminal conduct, which relates to the fundamental probation condition that defendant " 'obey all

5

laws.' " (*People v. Balestra* (1999) 76 Cal.App.4th, 57, 67 (*Balestra*).) Because the condition is valid under the second prong of *Lent, supra,* 15 Cal.3d at page 486, defendant fails to establish that the trial court abused its discretion by imposing urinalysis testing as a condition of probation.

III

Defendant further claims that payment of the urinalysis testing fee without justification would have no rehabilitative effect. But as we have explained, the urinalysis testing fee is based on urinalysis testing, which is justified because it regulates criminal conduct.

In *Olguin, supra*, 45 Cal.4th at pages 381-382, the California Supreme Court upheld a probation condition requiring the defendant to inform his probation officer of the presence of any pets at the defendant's residence. The defendant in that case argued the condition was not reasonably related to his future criminality. (*Id.* at p. 378.) The Supreme Court disagreed, concluding that the condition "reasonably related to the supervision of defendant and hence to his rehabilitation and potential future criminality." (*Id.* at p. 380.) Because the condition served to protect the probation officer charged with supervising the defendant's compliance with the terms of probation, it enhanced the officer's ability to effectively supervise the defendant and was therefore reasonably related to the defendant's rehabilitation and to deterring future criminality. (*Id.* at 381.)

Warrantless search conditions have also been upheld regardless of whether the underlying offense is reasonably related to theft, narcotics or firearms, because they are "intended to ensure that the subject thereof is obeying the fundamental condition of all grants of probation . . . that a probationer 'obey all laws.' Thus, warrantless search conditions serve a valid rehabilitative purpose . . . ." (*Balestra, supra,* 76 Cal.App.4th at p. 67.)

Urinalysis testing detects the use of illicit substances. Like a warrantless search condition, a urinalysis testing condition enhances a probation officer's ability to monitor

6

defendant's compliance with the terms of probation, including the fundamental condition to obey all laws.  Thus, the urinalysis testing condition is valid because it serves a rehabilitative purpose and is reasonably related to defendant's future criminality.

IV

We have identified a different problem with the trial court's imposition of the urinalysis testing fee and court facility fee as conditions of probation.  Probation costs are collateral to the offense and cannot be made a condition of probation.  (*People v. Hart* (1998) 65 Cal.App.4th 902, 907 (*Hart*); *People v. Bennett* (1987) 196 Cal.App.3d 1054, 1056; *People v. Wilson* (1982) 130 Cal.App.3d 264, 268-269.)  Such costs are collectible as civil judgments but may not be enforced through contempt proceedings.  (*People v. Bennett*, *supra*, 196 Cal.App.3d at p. 1056; *People v. Wilson*, *supra*, 130 Cal.App.3d at p. 269; see also *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321-322 [holding that a trial court's order requiring defendant to pay costs of polygraph testing could be enforced through civil proceedings but not through contempt or probation revocation proceedings].)  A court facilities fee imposed under Government Code section 70373 must also be separately ordered and not made a condition of probation.  (*People v. Kim* (2011) 193 Cal.App.4th 836, 843.)

Here, the trial court's written order specifies that some fees are court-ordered fees and not conditions of probation.  The trial court ordered defendant to pay a $40 security surcharge fee and $46 monthly probation supervision fee, noting for each fee that "[t]his is a court ordered fee not a condition of probation."  But the trial court did not say the same thing when imposing the urinalysis testing fee or the court facilities fee (Gov. Code, § 70373).  In fact, defendant and the Attorney General refer to payment of the urinalysis testing fee as a "condition of probation" in their respective briefs.  The urinalysis testing fee and court facility fee should not be included as probation conditions.

The appropriate remedy is not to strike the fees, but instead to modify the order granting probation to clarify that payment of those fees is not a condition of probation but

7

rather an order of the court entered at judgment.  (*People v. Kim, supra,* 193 Cal.App.4th at pp. 847-848; *People v. Benner* (2010) 185 Cal.App.4th 791, 797; *Hart*, *supra*, 65 Cal.App.4th at p. 907.)  We will modify the order accordingly.

DISPOSITION

The order of probation is modified to strike payment of the urinalysis testing fee and court facilities fee as conditions of probation.  Those fees are instead imposed as an order of the court entered at judgment.  The order of probation is affirmed as modified. The trial court is directed to prepare an amended probation order consistent with this opinion and to forward a copy to defendant and the probation department.


                                          _____MAURO_____, J.


We concur:


_____BUTZ_____, Acting P. J.


_____HOCH_____, J.