Filed 3/26/15  P. v. Bergo CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Amador)

----

| | |
|---|---|
| THE PEOPLE, | C076080 |
| Plaintiff and Respondent, | (Super. Ct. No. 11-CR-18010) |
| v. | |
| JUSTIN BRYAN BERGO, | |
| Defendant and Appellant. | |

Defendant Justin Bryan Bergo appeals from the postconviction order of the trial court that he reimburse the county for the services of appointed counsel in a criminal prosecution.  (Pen. Code, § 987.8.)[1]  Appellant's court-appointed counsel has briefed no

---

[1] Undesignated statutory references are to the Penal Code.

issues and asks this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).[2]  Finding no error, we shall affirm.

In accordance with *People v. Kelly* (2006) 40 Cal.4th 106, 110, we provide a summary of the underlying offense and the proceedings in the trial court.  On November 19, 2013, defendant was sentenced to life in prison without the possibility of parole following his conviction for first degree murder with a lying-in-wait special circumstance.  (§§ 187, subd. (a), 190.2, subd. (a)(15).)[3]  Amador County had filed a motion for reimbursement of legal assistance for that case on November 5, 2013.  The following evidence was presented at the contested hearing on the county's motion on January 17, 2014.

An employee of Amador County General Services testified that the county's total expenditure for defendant's legal services was $230,042.82.  Defendant owned real property in Aptos.  It had a mortgage of $322,000 and an equity line of credit for

---

[2] It is questionable that defendant is entitled to an independent review by this court as contemplated by *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] and its progeny including *Wende, supra,* 25 Cal.3d 436.  *Anders* established certain procedures for state appellate courts that are "prophylactic" in nature and apply to appointed counsel's representation of an indigent criminal defendant in his first appeal of right in a criminal action.  (*In re Sade C.* (1996) 13 Cal.4th 952, 977-978.)

An order to reimburse the county for the costs of legal representation (§ 987.8) is solely enforceable as a civil order, that is, in the manner for enforcement of money judgments generally.  Such an order may not be made a condition of probation and may not be enforced by contempt.  (§ 987.8, subd. (e); *People v. Hart* (1998) 65 Cal.App.4th 902, 906-907.)  Defendant does not face incarceration for failing to comply with this order of the court.  Therefore, the hearing to determine money owed the county is more akin to a civil than a criminal action.

[3] We construe defendant's motion for judicial notice of the record in his pending appeal from his murder conviction, *People v. Bergo* (C075230), as a motion to incorporate by reference the appellate record in that case.  (See *Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 148 [judicial notice proper only to the existence and not the contents of transcripts].)  So construed, the motion is granted.

$100,000. There was no indication whether the line of credit had been used. The Amador County Assessor, who had substantial prior experience as a real estate appraiser, appraised the Aptos property's value at between $750,000 and $830,000. A district attorney's office investigator testified that defendant also owned property in a storage unit in Santa Cruz.

Defendant's paternal aunt had power of attorney for defendant. She could pay his bills but could not sell his property. At defendant's request, she sold two of his vehicles, one for $6,500 and another for $16,300. The proceeds were used to pay property taxes and defendant's attorney in the motion for reimbursement proceeding, with the rest going in cashier's checks to defendant. The Aptos property rented for $2,600 a month, which was $9 a month less than the total expenses for the property. Defendant owed $12,101.55 in federal taxes and $2,974.90 in state taxes, and an $8,028.32 student loan. The aunt had received a handwritten trustee's deed from defendant for the Aptos property but had been restrained by the court from transferring the property.

Defendant testified that he executed a trustee's deed for the Aptos property to his paternal aunt on the night of November 5, 2013. The actual value of the Aptos property was close to its assessed value, $378,000. Defendant owed $75,000 on the equity line of credit for the property. The property was purchased by defendant's father in 1996.

The trial court issued a statement of decision. It found the Aptos property was worth $700,000; defendant had payments of $1,832 a month on the mortgage and $142.39 a month on the equity line of credit; and owed $12,101.55 in federal taxes, $2,974.90 in state taxes, and $8,028.32 in student loans. In addition, the court found defendant had personal property in the Santa Cruz storage unit; $3,000 in a checking account; and a boat valued at approximately $3,600. Although defendant's life without parole sentence meant he had no future ability to pay the cost of his representation, the trial court found unusual circumstances to support a finding he could pay. The court

found that due to defendant's sentence, he had no use for personal or real property. It also found he had no dependents, the real property was an investment property rather than his residence, his only heirs are relatives of the third and fourth degree, the value of the real property is sufficient to cover the cost of legal assistance provided by Amador County, and no victim restitution was sought or ordered to the victims of defendant's crime.

The trial court ordered defendant to reimburse Amador County for the $229,567.82 cost of his legal assistance, ordered Amador County to place a lien on defendant's Aptos property and the items in the storage unit, and authorized the county to engage any agent necessary to sell the property to enforce the judgment. It also issued a preliminary injunction enjoining defendant and his paternal aunt and any of their representatives from selling or transferring defendant's real or personal property.

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      BUTZ      , J.


We concur:


      RAYE      , P. J.


      NICHOLSON      , J.