Filed 11/16/15  P. v. Townsend CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B261014 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA401715) |
| v. | |
| LOREN ODELL TOWNSEND, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge. Reversed and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Andrew S. Pruitt, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Loren Odell Townsend entered a plea of no contest to possession of a concealed weapon in a vehicle.  (Pen. Code, § 25400, subd. (a)(1).)[1] Pursuant to a plea agreement, the prosecution struck the allegation that he had suffered a prior serious or violent felony conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) The trial court suspended imposition of sentence and placed defendant on probation.

Defendant contends that the minute order dated July 19, 2013, incorrectly states that the trial court ordered defendant to pay the costs of probation services pursuant to section 1203.1b when, in fact, the trial court made no such oral pronouncement.  The Attorney General argues that the imposition of probation costs was a condition of probation that is now moot because probation has been terminated.  Because we cannot determine if the issue is moot in all respects, and the order to pay costs of probation was not imposed by the trial court as a condition of probation, we remand with directions to strike the condition from the minute order.

"'[T]he Legislature enacted Penal Code section 1203.1b which permits the trial court to require a defendant to reimburse probation costs if the court determines, after hearing, that the defendant has the ability to pay all or a portion of such costs.'  (*People v. Bennett* (1987) 196 Cal.App.3d 1054, 1055-1056, italics omitted.)"  (*People v. Washington* (2002) 100 Cal.App.4th 590, 595.)  "These costs are collectible as civil judgments; neither contempt nor revocation of probation may be utilized as a remedy for failure to pay.  (Pen. Code, § 1203.1b, subd. (d); *People v. Hart* (1998) 65 Cal.App.4th 902, 906-907.)  The costs are not conditions of probation. ([*People v.*] *Hart, supra,* [at] pp. 906-907.)"  (*Id.* at pp. 592-593.)

Nothing in the record suggests probation costs were contemplated or intended in this case.  The probation report did not recommend that defendant be ordered to pay costs under section 1203.1b, and defendant did not waive his right to a hearing on his ability to pay.  There was no mention of probation costs at the sentencing hearing and the trial

---

[1] All further statutory citations are to the Penal Code, unless otherwise noted.

court did not make a determination of defendant's ability to pay. Accordingly, the July 19, 2013 minute order's inclusion of the order that defendant pay the costs of probation pursuant to section 1203.1b does not correctly reflect the oral pronouncement at sentencing and must be stricken. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].)

The appellate record does not conclusively resolve the mootness contention of the Attorney General. (See *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380 ["'[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. [Citation.]'"].) The record does not indicate if defendant paid any of the costs of probation without an order requiring him to do so, or whether a judgment has been obtained or will be sought in the future to recover the costs of probation. Although the likelihood of these consequences may be remote, the possibility of their existence is sufficient to overcome a claim of mootness. Given the relatively trivial nature of the issue, and to avoid any possibility of future court appearances or litigation, the best course of action is to remand to the trial court with directions to modify the minute order to delete the requirement that defendant pay the cost of probation services.

## DISPOSITION

The cause is remanded for the court to strike from the July 19, 2013 minute order the order that defendant pay the costs of probation pursuant to section 1203.1b.  In all other respects, the judgment is affirmed.



KRIEGLER, J.


We concur:



TURNER, P. J.



MOSK, J.