[No. B151722. Second Dist., Div. Eight. Nov. 18, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK HALL, Defendant and Appellant.

**COUNSEL**

Cheryl Barnes Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, William T. Harter and Zee Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BOLAND, J.—**

### INTRODUCTION

Appellant Mark Hall challenges the trial court's order requiring him to perform community service in lieu of paying the costs of probation. We

conclude the trial court erred by failing to conduct a hearing regarding appellant's ability to pay and by ordering him to perform community service in lieu of monetary payment.

## BACKGROUND AND PROCEDURAL HISTORY

Appellant, who had a prior felony conviction, pled guilty to possessing a firearm. (Pen. Code, § 12021, subd. (a)(1).) On March 9, 1998, the trial court suspended imposition of sentence and placed appellant on probation on conditions including service of 181 days in jail and payment of $200 as a restitution fine (Pen. Code, § 1202.4, subd. (b)).

On May 22, 2000, appellant appeared at a hearing on a possible probation violation. The court announced that appellant owed $840 and the Probation Department sought to convert that amount to 160 hours of community service. A report by appellant's probation officer revealed that the $840 comprised a $200 restitution fine, a $20 "restitution fine service charge," a $570 cost of probation services, and a $50 "collection installment fee." Appellant told the court he could pay "the fine" because he had started working two weeks earlier. He was unsure, however, whether his job was temporary. Defense counsel asked for "the option of community service." The court did not find appellant in violation of probation, but simply referred him to the Probation Department to work out whether he would pay the fine, perform community service, or both.

On December 22, 2000, the court revoked appellant's probation after he failed to appear at a hearing. On March 21, 2001, appellant admitted he violated probation by failing to report to his probation officer. The court reinstated appellant's probation but, after learning he was unemployed, modified the terms of probation by ordering him to perform 139 hours of community service "in lieu of the cost of probation services."[1] Appellant objected on the ground that reimbursement of the cost of probation services could not properly be made a condition of probation, whether that form of reimbursement be cash or hours of community service. On September 10, 2001, the court again modified the terms of appellant's probation by reducing the number of hours of community service to 134.

Appellant then filed the instant appeal of the court's orders modifying the conditions of his probation.

---

[1] The court arrived at the 139-hour figure by dividing $804 by $5.75 per hour. On appeal, the parties agree the court inadvertently changed the amount of probation costs from $840 to $804.

## DISCUSSION

1. *The trial court could not condition appellant's probation on performance of community service in lieu of paying the costs of probation.*

Appellant contends the court erred by conditioning his probation on performance of community service to pay the costs of probation.[2]

A defendant who is granted probation may be ordered to pay the costs of probation supervision and the preparation of probation reports, if he is financially able to do so. (Pen. Code, § 1203.1b, subds. (a), (b).) However, payment of such costs cannot be made a condition of probation. (*People v. Hart* (1998) 65 Cal.App.4th 902, 907 [76 Cal.Rptr.2d 837].) Respondent acknowledges this limitation, but argues the community service requirement was simply an order, not a condition of probation.

The trial court never referred to payment of the probation costs or performance of community service as a condition of probation. On the other hand, the court never stated payment or community service was just an order, not a condition of probation. The Probation Department, however, clearly viewed appellant's failure to pay the costs or perform community service as a probation violation.

There is no need, however, to determine whether the court intended performance of community service as a condition of probation or just an order. We simply deem the requirement an order, not a condition, and proceed to consider other aspects of the court's order.

2. *The trial court erred by failing to conduct an evidentiary hearing regarding appellant's ability to pay probation costs and further erred by "converting" the costs to community service.*

Appellant contends the trial court lacked authority to order him to pay probation costs or perform community service because he was indigent.

Penal Code section 1203.1b, subdivision (a) requires the probation officer to determine a defendant's ability to pay all, or a portion of the reasonable cost of probation supervision and probation report preparation. The statute also requires the probation officer to inform the defendant he has a right to

---

[2]Appellant admits his probation was properly conditioned upon payment of the $200 restitution fine, which was part of the $840 total sought by the Probation Department. (Pen. Code, § 1202.4, subd. (m).)

have the court determine his ability to pay and the payment amount. The defendant may waive the right to such a determination only by a knowing and intelligent waiver. (Pen. Code, § 1203.1b, subd. (a).) Absent such a waiver, a court must conduct an evidentiary hearing. If the court determines the defendant is able to pay all or part of the costs, the court is required to set the amount of the payment and order the defendant to pay that amount to the county in a manner that is reasonable and compatible with the defendant's financial ability. (Pen. Code, § 1203.1b, subd. (b).) The statute also provides for additional hearings during the period of probation to review the defendant's ability to pay the probation costs. (Pen. Code, § 1203.1b, subd. (c).)

The record on appeal fails to reflect any evidence that appellant was informed of his statutory right under Penal Code section 1203.1b to a court hearing and judicial determination regarding his ability to pay probation costs. Moreover, there is no indication appellant waived his rights to a court hearing and judicial determination. The court did not conduct a hearing or receive evidence, apart from sketchy information contained in the probation report, regarding appellant's financial ability to pay probation costs. The court made no finding regarding appellant's ability to pay all or part of the probation costs. Its "conversion" of the probation costs to community service, however, may evidence an implicit determination that appellant was unable to pay any part of the costs of probation.

Limited information in the record relative to appellant's financial circumstances support his claim of indigency. The January 7, 1998 pre-plea probation report stated appellant lived in a motel and earned about $1,000 per month from recycling. The report rated his income stability as "marginal." The probation officer's May 8, 2000 "Notice to Court of Technical Violation" noted appellant's "report in person slips" showed appellant's monthly income as either zero or $221 in general relief benefits. This information suggested appellant was indigent and cast substantial doubt on his ability to pay probation costs. Although appellant told the court on May 22, 2000, that he could pay "the fine" because he had just started working, the court did not ask appellant about his earnings, the number of hours worked each week, or the amount of his living expenses. At a minimum, appellant's statements that he had worked at the job for only two weeks, and that it might be work of a temporary nature, should have caused the court to question appellant's proclamation of his ability to pay. Moreover, appellant's reference to paying "the fine" may have been addressed to the restitution fine, rather than the costs of probation and service charges.

Penal Code section 1203.1b does not specify the procedure a trial court should follow if it determines a defendant is unable to pay any part of his

probation costs. The obvious implication from the language of Penal Code section 1203.1b, subdivision (b)(2), however, is that the court should not order the defendant to pay any portion of the costs. This conclusion follows from the following language: "if the court determines that the defendant has the ability to pay all or part of the costs, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county . . . ." (Pen. Code, § 1203.1b, subd. (b)(2).) If the court determines the defendant lacks the ability to pay any part of the costs, it cannot, consistent with Penal Code section 1203.1b, subdivision (b)(2), order the defendant to reimburse the county for any costs. Here, the court ordered appellant to reimburse the county for his probation costs by performing community service. Neither Penal Code section 1203.1b nor any other statute authorized the court to order such "reimbursement." The court's order was creative and no doubt well-intentioned, but it fell outside the parameters adopted by the Legislature. Moreover, the order was effectively unenforceable, as it could not be a condition of probation (*People v. Hart, supra,* 65 Cal.App.4th at p. 907) and could not be enforced through contempt (Pen. Code, § 1203.1b, subd. (d)).

Given our disposition, we need not address appellant's remaining contentions.

## DISPOSITION

The trial court's order requiring appellant to perform community service in lieu of paying probation costs is stricken. The case is remanded to the trial court with direction to institute proceedings in accordance with Penal Code section 1203.1b, subdivision (b) to determine appellant's ability to pay all or part of the costs of his probation and the amount of such payment. In all other respects, the judgment is affirmed.

Cooper, P. J., and Rubin, J., concurred.