Filed 4/16/13  P. v. Corral CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046565 |
| v. | (Super. Ct. No. 11NF2010) |
| CAROL ANNA CORRAL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed and remanded with directions.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

Defendant Carol Anna Corral appeals from the judgment entered after a jury found her guilty of four counts of second degree commercial burglary, four counts of passing bad checks, and one count of forging an official seal. Corral argues that at the sentencing hearing, the trial court erred by ordering her to pay the costs of the mandatory supervision portion of her sentence under Penal Code section 1170, subdivision (h), without complying with the requirements of Penal Code section 1203.1b. (All further statutory references are to the Penal Code.) She also argues the abstract of judgment inaccurately states that three of her convictions for second degree commercial burglary constitute violent felonies.

We affirm the judgment of conviction. We remand the matter to the trial court to clarify that the procedures mandated by section 1203.1b shall be followed before Corral is ordered to pay all or any portion of the costs incurred during the mandatory supervision term of her sentence. Because the abstract of judgment erroneously states three of Corral's second degree commercial burglary offenses constituted violent offenses within the meaning of section 667.5, subdivision (c), we direct the trial court on remand to prepare an amended abstract of judgment that corrects those errors.

## BACKGROUND

Corral was charged in an amended information with four counts of second degree commercial burglary in violation of sections 459 and 460, subdivision (b); four counts of attempting to pass fictitious instruments in violation of section 476; and one count of forgery of an official seal in violation of section 472. The amended information also alleged Corral had served a prior prison term within the meaning of section 667.5, subdivision (b).

2

The trial court granted the prosecution's motion to dismiss the prior prison term allegation. The jury found Corral guilty on all counts as charged in the amended information.

At the sentencing hearing, the trial court confirmed it had reviewed and considered the probation and sentencing report which stated in part: "The defendant has been notified of her right to a Financial Hearing pursuant to 1203.1 PC. The Probation Department has conducted a financial evaluation and determined that she does not have the ability to pay and, therefore, recommends the Court waive the cost of the Probation Report."

The trial court imposed a total jail term of five years eight months. The court stated it would impose a split sentence whereby at the end of four years and eight months in jail, the court would order Corral's supervised release for the remaining one-year period under specified terms and conditions. At the sentencing hearing, the court ordered Corral to "pay the costs of probation, mandatory supervision according to your ability to pay as directed by your probation or mandatory supervision officer." Corral's counsel did not raise any objection to Corral's sentence, terms of mandatory supervision, or obligation to pay costs for such supervision.

The trial court's minute order reflected the court's oral statements at the sentencing hearing, which included that Corral shall "[p]ay cost of probation or mandatory supervision, according to ability to pay, as directed by your probation or mandatory supervision officer pursuant to Penal Code section 1203.1b." The minute order also stated, "[t]he Court ultimately determines the conditions of probation and mandatory supervision. The defendant has the right to request the Court modify or eliminate any condition imposed by the Probation Department that the defendant believes is unreasonable."

Corral appealed.

DISCUSSION

I.

*We Remand with Directions That the Trial Court Clarify the Record Regarding the Procedures to Be Followed Pursuant to Section 1203.1b in the Determination of Corral's Obligation to Pay Mandatory Supervision Costs.*

Corral contends the trial court erred by ordering her to pay the costs of the mandatory supervision portion of her sentence, according to her ability to pay and as directed by her mandatory supervision officer, without complying with the procedural requirements of section 1203.1b. She contends the case must therefore be remanded to the trial court with instructions to follow the applicable statutes and case law. For the reasons we will explain, the trial court's statements at the sentencing hearing and in the minute order require clarification regarding the procedures that must be followed under section 1203.1b before Corral is obligated to pay the costs of mandatory supervision.

Section 1203.1b, subdivision (a) provides: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, *the probation officer*, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, *shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant to Section 1203.7, of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203, and of processing a jurisdictional transfer pursuant to Section 1203.9 or of processing a request for interstate compact supervision pursuant to Sections 11175 to 11179, inclusive, whichever applies.* The reasonable cost of these services and of probation supervision or a conditional sentence shall not exceed the amount determined

4

to be the actual average cost thereof.  A payment schedule for the reimbursement of the costs of preplea or presentence investigations based on income shall be developed by the probation department of each county and approved by the presiding judge of the superior court.  *The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs.  The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay.  The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount.*  The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver."  (Italics added.)

The trial court imposed a split sentence under section 1170, subdivision (h), whereby Corral would serve a four-year eight-month jail term followed by a year of mandatory supervision.  "[T]he terms, conditions, and procedures generally applicable to persons placed on probation" apply to the mandatory supervision portion of Corral's sentenced term.  (§ 1170, subd. (h)(5)(B).)[1]

---

[1]  We acknowledge the trial court's minute order, issued following the sentencing hearing, stated that the court ultimately determined the conditions of probation and mandatory supervision.  But, an order requiring a criminal defendant to pay the costs of probation is not a *condition* of probation.  (*People v. Hall* (2002) 103 Cal.App.4th 889, 892 ["A defendant who is granted probation may be ordered to pay the costs of probation supervision and the preparation of probation reports, if he is financially able to do so. [Citations.]  However, payment of such costs cannot be made a condition of probation"].)  Thus, this reference in the court's minute order to the court's role of ultimately determining conditions of mandatory supervision does not resolve the issue presented in this appeal.

Notwithstanding the applicability of section 1203.1b to the mandatory supervision portion of Corral's sentence, the trial court ordered Corral to pay the cost of mandatory supervision "according to ability to pay, as directed by [her] . . . mandatory supervision officer pursuant to Penal Code section 1203.1b." The court's statement can be reasonably construed as an order requiring Corral to pay whatever amount the mandatory supervision officer concludes is fair. As set forth in section 1203.1b, subdivision (a) quoted *ante*, before imposing mandatory supervision costs, (1) the court must order Corral to appear before the mandatory supervision officer for the officer's determination of her ability to pay such costs; (2) the mandatory supervision officer must determine the amount Corral is able to pay and the manner of payment; and (3) the mandatory supervision officer must inform Corral that she is entitled to a hearing, that includes the right to be represented by counsel, in which the court shall determine her ability to pay and the payment amount. Our record does not show that all of those procedures are required by the order.

Although the probation and sentencing report states Corral was informed of her right to a "Financial Hearing" under section 1203.1, and she was unable to pay the costs of preparing that report (and, thus, such costs should be waived by the court), the probation and sentencing report neither states she was informed of her right to a hearing as to her ability to pay the costs of the mandatory supervision period under section 1203.1b, nor cites section 1203.1b itself. The record does not reflect that the probation department has made any determination regarding Corral's ability to pay for her future mandatory supervision costs (although it would appear quite likely the department would conclude she is unable to pay any costs in light of its determination she is unable to pay for the probation and sentencing report). The record does not show Corral was informed of her right to counsel at a hearing to determine her ability to pay or that the court would determine her ability to pay at such a hearing, as required by section 1203.1b, subdivision (a).

6

The trial court might have intended that the mandatory supervision officer determine Corral's ability to pay all or any portion of the mandatory supervision costs upon her release from jail and the commencement of the mandatory supervision period. The record, however, does not say that. Instead, the trial court ordered Corral to pay the amount determined by her mandatory supervision officer at an unspecified time. Consequently, the court's order might be reasonably construed to delegate to that officer the task of determining Corral's ability to pay, in violation of section 1203.1b, subdivision (a).

We therefore remand with directions that the trial court clarify the record to reflect the court's compliance with section 1203.1b, subdivision (a) by ordering (1) Corral to appear before her mandatory supervision officer, or his or her authorized representative, to make an inquiry into Corral's ability to pay all or a portion of the costs of mandatory supervision; (2) the mandatory supervision officer to determine the amount, if any, of the mandatory supervision costs that Corral is able to pay and manner of payment; and (3) the mandatory supervision officer to inform Corral that she is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of her ability to pay and the payment amount.

The Attorney General argues Corral has forfeited her right to argue that the trial court failed to comply with section 1203.1b because her trial attorney failed to raise any objection at the sentencing hearing. Section 1203.1b, subdivision (a) provides in part that "[t]he defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." The problem with the Attorney General's argument is that the record is unclear regarding the status of the determination of Corral's ability to pay mandatory supervision costs. This case is thus distinguishable from *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1069, in which the appellate court concluded the defendant forfeited the right to challenge the trial court's imposition of a $250 probation fee on the ground the trial court did not

7

comply with section 1203.1b. Unlike *People v. Valtakis*, here, the record does not show Corral had notice of any recommendation by the probation department regarding the total cost of the mandatory supervision period or her ability to pay any part of that total cost. Our record does not include a probation department report or recommendations regarding that issue. Indeed, clarification of the court's order as to mandatory supervision costs is necessary for its enforcement.

The Attorney General also argues that Corral's argument is premature because there had not yet been any determination of her ability to pay the costs of mandatory supervision. But the minute order requires Corral to pay the amount of mandatory supervision costs that the mandatory supervision officer determines she is able to pay, without reference to any timeframe or satisfaction of all section 1203.1b's requirements. Under these circumstances, Corral's challenge is not premature.

II.

*We Remand to the Trial Court to Correct the Abstract of Judgment Error Stating Corral's Convictions for Second Degree Commercial Burglary Constitute Violent Felonies.*

The abstract of judgment erroneously states that three of the second degree commercial burglary counts (alleged as counts 3, 5, and 7 in the amended information), of which Corral was convicted, constituted violent felonies within the meaning of section 667.5, subdivision (c). Section 667.5, subdivision (c) lists the offenses that constitute violent felonies; second degree commercial burglary is not included in the list.

The Attorney General concedes the abstract of judgment is erroneous in this regard, stating: "[T]he Superior Court should be ordered to prepare an amended abstract of judgment correctly referring to [Corral]'s convictions as non-violent felonies." We agree and direct the court to prepare an amended abstract of judgment that corrects these errors as set forth in the disposition, *post*.

8

## DISPOSITION

We affirm the judgment. We remand to the trial court with directions that the court clarify the record to comply with section 1203.1b, subdivision (a) by ordering (1) Corral to appear before her mandatory supervision officer, or his or her authorized representative, to make an inquiry into Corral's ability to pay all or a portion of the costs of mandatory supervision; (2) the mandatory supervision officer to determine the amount, if any, of the mandatory supervision costs that Corral is able to pay and manner of payment; and (3) the mandatory supervision officer to inform Corral that she is entitled to a hearing, that includes the right to counsel, in which the trial court shall make a determination of her ability to pay and the payment amount. The court, in its discretion, should clarify the timing of Corral's appearance.

On remand, we also direct the trial court to prepare an amended abstract of judgment reflecting that all of Corral's convictions for second degree commercial burglary constitute nonviolent offenses, and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


9