Filed 8/29/13  P. v. McConnell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH DEAN McCONNELL,<br><br>    Defendant and Appellant. | H038310<br>(Santa Clara County<br>Super. Ct. No. C1108885) |

Defendant Joseph Dean McConnell appeals from a vandalism conviction.  On appeal, defendant contends that the trial court erred in imposing a probation-supervision fee without holding a hearing regarding his ability to pay the fee.  We conclude that the trial court erred in failing to follow the required statutory procedures before imposing the probation-supervision fee.  We therefore will reverse the order requiring defendant to pay the probation-supervision fee, remand the case for a hearing regarding defendant's ability to pay a probation-supervision fee, and affirm the judgment in all other respects.

**FACTUAL AND PROCEDURAL HISTORY**

In the early morning hours of April 3, 2011, defendant used a crowbar to break open a kennel at the Silicon Valley Animal Control Authority.  He retrieved his pet dog from the kennel.  Defendant's conduct significantly damaged the kennel.

An information, filed on September 22, 2011, charged defendant with vandalism causing $400 or more in damage (Pen. Code, § 594, subds. (a) & (b)(1)).[1] On November 7, 2011, pursuant to a negotiated agreement, defendant pleaded guilty to the charge. Under the terms of the agreement, the trial court postponed sentencing for a period of six months, and it agreed to reduce the conviction to a misdemeanor if defendant paid $4,547 in restitution during the six-month period.

Six months later, on May 11, 2012, defendant informed the court that he was unable to pay the full restitution amount. Pursuant to the terms of the agreement, the court declared defendant's conviction to be a felony. The court suspended imposition of sentence and placed defendant on formal probation for a period of three years. The court ordered defendant to pay a probation-supervision fee of $110 per month. The court informed defendant that it would give him six more months to pay the restitution, and that it would reduce the conviction to a misdemeanor if defendant paid the full restitution amount during that six-month period.

A few weeks later, on June 22, 2012, defendant gave the court a receipt showing that he had paid the full restitution amount. The court accordingly reduced defendant's conviction to a misdemeanor pursuant to section 17, subdivision (b). The court converted defendant's formal probation to court probation. The court informed defendant that his grant of court probation did not include a probation-supervision fee, but it ordered defendant to pay the outstanding balance on the probation-supervision fee associated with the previous grant of formal probation.

Defendant filed a timely notice of appeal. This appeal followed.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

**DISCUSSION**

Defendant argues that the order imposing the probation-supervision fee must be reversed because the trial court failed to hold a hearing regarding his ability to pay the fee, as required by section 1203.1b. The People contend that defendant forfeited his claim because he failed to request a section 1203.1b hearing in the trial court. We conclude that defendant's claim is not forfeited, and that the trial court erred in failing to follow the required statutory procedures before imposing the probation-supervision fee. We therefore will reverse the order requiring defendant to pay the probation-supervision fee, and we will remand the case to the trial court for a hearing regarding defendant's ability to pay a probation-supervision fee.

*Background*

After defendant pleaded guilty on November 7, 2011, the court told defendant: "You don't need to go to probation because it is a waived referral . . . ." The "waived referral" probation report therefore did not contain any information regarding defendant's financial status. The report nonetheless recommended a probation-supervision fee "not to exceed $110 per month."

When the trial court placed defendant on formal probation on May 11, 2012, the court announced its intention to impose a probation-supervision fee of $110 per month. Defendant stated to the court, "Can't be done." Defense counsel asked the court to lower the probation-supervision fee to $30 per month, arguing that a higher fee would be a "financial hardship" for defendant. Defense counsel informed the court that defendant was disabled and unable to work, and that defendant's only monthly income was his $829 disability check. The court denied the request for a lower probation-supervision fee, and it ordered defendant to pay a probation-supervision fee of $110 per month.

When the court converted defendant's formal probation to court probation on June 22, 2012, the court informed defendant that there were no supervision fees

3

associated with the grant of court probation. The court ordered, however, that defendant pay the outstanding balance on the $110 monthly probation-supervision fee associated with the previous grant of formal probation.[2]

### The Statutory Framework of Section 1203.1b

Section 1203.1b authorizes the trial court to order a defendant "to pay all or a portion of the reasonable cost of any probation supervision." (§ 1203.1b, subd. (a).) Before ordering a defendant to pay such a fee, however, the court must follow the procedures articulated in section 1203.1b.

Section 1203.1b mandates the following procedures: "The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." (§ 1203.1b, subd. (a); see also *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1400-1401 (*Pacheco*), overruled on another point in *People v. McCullough* (2013) 56 Cal.4th 589, 599.) Section 1203.1b further mandates: "When the defendant fails to waive the right . . . to a determination by the court of his or her ability to pay and the payment amount, the

---

[2] Although the actual amount owed by defendant is not included in the record, it appears that the amount cannot be any greater than $220. Defendant was on formal probation for less than two months, from May 11, 2012 to June 22, 2012. Thus, it appears that defendant was obligated to pay the $110 monthly probation-supervision fee only for a two-month period.

probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative." (§ 1203.1b, subd. (b); see also *Pacheco, supra,* 187 Cal.App.4th at p. 1401.)

### *Defendant's Claim is Not Forfeited*

Preliminarily, we must address the People's argument regarding forfeiture. The People contend that defendant forfeited his claim by failing to request a hearing regarding his ability to pay the probation-supervision fee. The People cite *People v. Valtakis* (2003) 105 Cal.App.4th 1066 (*Valtakis*) in support of this argument.

In *Valtakis*, the defendant argued that the trial court erred in imposing a $250 fee without following the procedures articulated in section 1203.1b. (*Valtakis, supra,* 105 Cal.App.4th at p. 1076.) *Valtakis* held that the defendant's "failure to object to the fee below has waived the claim on appeal." (*Ibid*.) *Valtakis* reasoned that a defendant may not "stand silent as the court imposes a fee—even a nominal one like the $250 here—and then complain for the first time on appeal that some aspect of the statutory procedure was not followed." (*Id.* at p. 1075.)

Contrary to the People's assertion, *Valtakis* did not hold that a defendant must request a hearing regarding his ability to pay a probation-supervision fee in order to challenge such a fee on appeal. Rather, *Valtakis* held that a defendant must simply object to the imposition of a probation-supervision fee in order to preserve an appellate challenge to the fee. Here, defendant objected to the $110 monthly probation-supervision fee. When the trial court announced its intention to impose the fee, defendant informed the court that he could not afford to pay the fee. Defense counsel specifically requested that the court impose a lower fee, arguing that the $110 monthly fee would be a financial

5

hardship for defendant. Thus, unlike the defendant in *Valtakis*, defendant did not stand silent as the court imposed the probation-supervision fee. We therefore conclude that defendant's claim is not forfeited.

***The Trial Court Erred in Imposing the Probation-Supervision Fee Without Following the Procedures Mandated by Section 1203.1b***

Having determined that defendant's claims is not forfeited, we now address the merits of defendant's claim. As explained below, our holding in *Pacheco, supra,* 187 Cal.App.4th 1392 compels us to conclude that the trial court erroneously imposed the probation-supervision fee.

In *Pacheco,* the defendant challenged a $64 per month probation-supervision fee, arguing that the trial court failed to determine his ability to pay the fee. (*Pacheco, supra,* 187 Cal.App.4th at pp. 1395-1396.) We held that the trial court erred in imposing the probation-supervision fee without following the procedures mandated by section 1203.1b, and we remanded the case to the trial court for a hearing regarding the defendant's ability to pay the fee. (*Id.* at pp.1401, 1404. ) We reasoned: "There is no evidence in the record that anyone, whether the probation officer or the court, made a determination of [the defendant's] ability to pay the $64 per month probation supervision fee. Nor is there any evidence that probation advised him of his right to have the court make this determination or that he waived this right. In short, it appears that the statutory procedure provided at section 1203.1b for a determination of [the defendant's] ability to pay probation related costs was not followed." (*Id.* at p. 1401.)

Defendant's case is analogous to *Pacheco.* Like *Pacheco*, there is no evidence that the trial court or a probation officer determined defendant's ability to pay the $110 per month probation-supervision fee, there is no evidence that the court or a probation officer advised defendant of his right to a hearing regarding his ability to pay the fee, and there is no evidence that defendant waived his right to such a hearing. Indeed, given the

6

circumstance that the trial court specifically advised defendant to not report to the probation department, it appears that the trial court failed to follow section 1203.1b's preliminary requirement that the "court shall order the defendant to appear before the probation officer" for an inquiry into the defendant's financial status. (§ 1203.1b, subd. (a).) Thus, because the trial court did not follow the procedures mandated by section 1203.1b, we must reverse the order imposing the probation-supervision fee and remand the matter to the trial court for a hearing regarding defendant's ability to pay a probation-supervision fee.[3]

## DISPOSITION

The order imposing a $110 per month probation-supervision fee is reversed. The matter is remanded with directions to the trial court to determine, in accordance

---

[3] Defendant requests that we simply strike the order imposing the probation-supervision fee—and not remand the matter for a hearing regarding his ability to pay such a fee—because evidence in the record suggests that he is indigent. We believe that remand for a hearing regarding defendant's ability to pay a probation-supervision fee is the appropriate remedy. Where a trial court fails to follow the procedures mandated by section 1203.1b, remand for a section 1203.1b hearing is necessary even though "information in the record relative to [the defendant's] financial circumstances support[s] his claim of indigency." (*People v. Hall* (2002) 103 Cal.App.4th 889, 893.)

7

with section 1203.1b, defendant's ability to pay a probation-supervision fee before imposing such a fee. The judgment is affirmed in all other respects.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

8