Filed 12/31/13  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JON GREGORY DAVIS,<br><br>Defendant and Appellant. | C070203<br><br>(Super. Ct. No. CM034665) |

Defendant Jon Gregory Davis was sentenced to eight years, to be served in county jail, for stealing a vehicle and trailer.  On appeal, defendant contests the trial court's imposition of a $736 fee for preparing the presentence investigation report.

We affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant entered into a plea agreement wherein he pleaded no contest to two counts of vehicle theft and admitted he had served four prior prison terms. In exchange for his plea, additional prior prison term allegations were dismissed and it was agreed the maximum sentence the trial court could impose would be nine years. The trial court referred the matter to the probation department for preparation of a presentence investigation report.

The probation report noted that defendant, age 54 and a drug addict, had 13 prior felony convictions and 16 prior misdemeanor convictions, and has spent his life in and out of custody. His job skills were listed as "optician, cabinet maker, flooring installation," although he had not had remunerative employment in over 25 years due to his frequent periods of incarceration. The probation report noted he had had poor performance on numerous prior grants of probation and parole, and concluded defendant was unlikely to abide by probationary terms or pay the fines and fees, if any, associated with the current convictions.

The probation officer recommended the trial court deny probation and impose the following fines and fees: (1) a $3,600 restitution fine; (2) a $200 base fine on count 1, plus accompanying fees and assessments of $520, for a total of $720; (3) a second $200 base fine on count 2, plus accompanying fees and assessments of $520, for a total of $720; (4) victim restitution in an amount to be subsequently determined; (5) two $40 court security fees; (6) two $30 court facilities assessments; and (7) a presentence investigation report fee of $736.

At the sentencing hearing, the trial court denied probation and sentenced defendant to an aggregate term of eight years to be served in county jail pursuant to Penal Code

---

[1] We dispense with a recitation of the facts underlying defendant's offenses, as they are unnecessary to the resolution of this appeal.

2

section 1170, subdivision (h).[2]  The trial court reduced the restitution fine from the recommended $3,600 to $1,600, and declined to impose either of the base fines with their accompanying fees and assessments, but imposed the other recommended fines and fees, including the $736 probation report fee.

## DISCUSSION

Section 1203.1b, subdivision (a), provides that in any case in which a defendant has been convicted and a presentence probation report is prepared, the probation officer shall make a determination of defendant's ability to pay all or a portion of the reasonable cost of preparing that report.  The statute requires the probation officer to inform the defendant he or she has a right to have the court determine his or her ability to pay and the payment amount.  The defendant may waive the right to such a determination only by a knowing and intelligent waiver.  (*Ibid*.)  Absent such a waiver, the trial court must conduct an evidentiary hearing to determine if the defendant has the ability to pay and the manner of any such payments.  (§ 1203.1b, subd. (b); *People v. Hall* (2002) 103 Cal.App.4th 889, 892-893.)  After the initial determination of defendant's ability to pay, section 1203.1b authorizes a defendant who experiences a change of circumstances to petition the probation officer for review of his or her ability to pay or the trial court to modify or vacate its judgment requiring payment.  (§ 1203.1b, subd. (f).)

Subdivision (e) of section 1203.1b defines defendant's " 'ability to pay' " to include consideration of defendant's present financial position, his or her reasonably discernible future financial position (limited to a one-year perspective), the likelihood of defendant's obtaining employment within a one-year period from the date of the hearing, and any other factors that may bear on defendant's financial capability to reimburse the county for costs.

---

[2]  Undesignated statutory references are to the Penal Code.

Defendant contends the trial court's order that he pay $736 for the cost of the probation report must be reversed because: (1) there was no evidence to support the trial court's implied finding that he had the ability to pay the fee; (2) there was no evidence to support the trial court's finding that the probation report cost $736 to prepare; and (3) the trial court improperly imposed the cost of the report at the sentencing hearing, instead of through a separate procedure. We reject each of defendant's claims.

## A. Ability to Pay Hearing

Addressing defendant's last claim first, we observe that in *People v. Phillips* (1994) 25 Cal.App.4th 62, the appellate court considered a defendant's claim that section 1203.1b mandates a separate hearing on the issue of defendant's ability to pay. The court carefully considered the language and legislative history of section 1203.1b and found: "In sum, the language of section 1203.1b, considered in light of the section's clear legislative policy of conserving public funds, leads us to the conclusion that although section 1203.1b permits a separate hearing on a defendant's ability to pay probation costs, the statute does not prohibit a sentencing court from conducting the hearing as part of the sentencing process. [Citation.] [¶] Similarly, the statute does not require a hearing at which evidence is formally presented if a defendant is amenable to an informal proceeding. On this latter point, we note that defendant does not claim he lacked notice of the time and place of the section 1203.1b hearing, nor did defendant voice any objection to the manner in which the hearing was conducted. Accordingly, we deem any objection to the lack of a formal hearing to be waived." (*Phillips*, *supra*, at p. 70.)

In the present case, the probation officer's report included probation costs in its recommendations for issues to be considered at the sentencing hearing. The court ordered payment of these costs at the conclusion of defendant's sentencing hearing, and defendant made no objection. We find no error in the procedure utilized by the trial court.

4

## B.  Forfeiture

Defense counsel challenged other recommendations in the report (the denial of probation and length of term) without objecting to the probation report's recommendation defendant pay the cost of the probation report or the amount of thereof.  The People argue defendant has forfeited this argument by not objecting in the trial court.  We agree.  Defendant forfeited his challenge to the ability to pay claim by failing to raise the issue in the trial court.  (*People v. Snow* (2013) 219 Cal.App.4th 1148, 1151; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1068.)

## C.  Ineffective Assistance of Counsel Claim

Defendant contends that, to the extent his failure to object forfeited the issues for purposes of review, he received ineffective assistance of counsel.

A conviction will not be reversed based on a claim of ineffective assistance of counsel unless the defendant establishes that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 691-692 [80 L.Ed.2d 674] (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217 (*Ledesma*).)  " 'Surmounting *Strickland's* high bar is never an easy task.' " (*Harrington v. Richter* (2011) ___ U.S. ___, ___ [178 L.Ed.2d 624, 642, quoting *Padilla v. Kentucky* (2010) 559 U.S. 356, 371 [176 L.Ed.2d 284].)

As for the performance prong, "[i]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, *or there simply could be no satisfactory explanation*." (*People v. Gray* (2005) 37 Cal.4th 168, 207, italics added.)

To show prejudice, defendant has the burden of showing a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient.  (*Strickland*, *supra*, 466 U.S. at pp. 693-694; *Ledesma*, *supra*, 43 Cal.3d at

5

pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, *supra*, 466 U.S. at p. 694; accord, *Ledesma*, *supra*, 43 Cal.3d at p. 218.)

Here, defense counsel was not asked to explain why he did not object to the imposition of the probation report preparation fee or the amount and we will not second-guess counsel. Nor can defendant establish prejudice. As for the reasonable cost of the probation report, there is no evidence in the record that the claimed amount is incorrect. Counsel may not have objected because he was well aware, from his representation of defendants in prior proceedings, that the amount imposed was the standard previously determined to be a reasonable amount in the county. With respect to counsel's failure to object to the court's implied finding of his ability to pay the $736 probation report preparation fee, we note that defendant's counsel may have been aware of some assets that would allow defendant to meet that obligation. Additionally, counsel may have considered an objection to be futile or even frivolous, considering defendant's potential earning capability. In any event, defendant has not established that the court would not have imposed the fee if counsel had objected.

Defendant argues that he was not being placed on probation where he could be expected to obtain employment and that his incarceration in county jail rather than prison prohibits the earning of prison wages. The record, however, does not establish that there are no programs available to jail inmates in Butte County in which defendant could earn wages. Defendant's counsel and the trial court may well have been aware of such programs. And while defendant argues that he has no earning potential in any event, the probation report indicates he has a high school diploma and some college education, and has employment skills in optometry, cabinet making, and floor installation. Although defendant reported that he had a degenerative disc disease in his back and some arthritis, his frequent incarceration -- not these conditions -- was ascribed as the reason for his lack of employment. Further evidence that his physical condition did not prevent employment

6

is that his spare time activities included camping and bike riding and he was not receiving social security disability benefits.

Defendant notes that the trial court imposed a lower restitution fine than recommended by the probation officer and also did not impose discretionary fees. He asserts this was evidence of his inability to pay the probation report preparation fee, but it could be that the trial court had other reasons for its actions or it could be that it reduced the restitution fee and declined to impose the discretionary fees so that defendant could afford to pay the probation report preparation fee.

Defendant assumes it conclusive that, because he will be in county jail and has not held a paying job in 25 years due to his frequent incarceration, he does not have the ability to pay the $736 fee. We cannot substitute assumptions for a finding by the trial court on an issue that is factual in nature. Nor can we conclude on this record that defendant's counsel rendered ineffective assistance by failing to object to the probation report preparation fee.

### DISPOSITION

The judgment is affirmed.


                                        MURRAY          , J.



We concur:



       RAYE          , P. J.



     MAURO          , J.



7