Filed 3/6/14  P. v. Sanchez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEHOVANY SANCHEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B246800<br>(Super. Ct. No. 2011022694)<br>(Ventura County) |

Jehovany Sanchez appeals an order of probation granted following his conviction of committing a lewd act upon a child, when the child was 15 years old and he was at least 10 years older.  (Pen. Code, § 288, subd. (c)(1).)[1]  We modify the probation order to strike the condition of payment of probation supervision costs, deem there to be a separate order that Sanchez pay $138 monthly cost of his probation supervision, and otherwise affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On March 13, 2011, 15-year-old Y. and her mother Laura C. were at Los Angeles International Airport awaiting a flight to Mexico.  Sanchez, an airline employee, was working at the check-in desk near the flight boarding area.  He summoned Y. to the check-in desk and upgraded her seat as well as her mother's seat to first class passage.  Prior to boarding, Sanchez and Y. exchanged telephone numbers; Sanchez gave Y. a luggage tag stating his name and telephone number.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

During Y.'s two-week visit to Mexico, she and Sanchez communicated by Facebook. Y. knew that Sanchez was 27 years old and she believed that he knew that she was a teenager in high school. Y. later informed her mother that she had advised Sanchez of her age.

After returning home from Mexico, Y. asked Mrs. C. for permission to visit an amusement park with Sanchez. Mrs. C. denied permission, warning that Y. was "grounded."

On March 31, 2011, Y. "cut" school and, by arrangement, met Sanchez in Fillmore. He drove Y. to a fast food restaurant, and then to a motel where he had registered. At the motel, they ate the restaurant fast food and then engaged in sexual activities for several hours. They also took photographs of themselves with Sanchez's cellular telephone. In a subsequent Facebook conversation, Sanchez wrote to Y., "[W]hen we make love it is--"

On April 19, 2011, Sanchez and Y. returned to the same motel. They hugged, kissed, and watched a movie. Sanchez took photographs of the two of them with his cellular telephone and later emailed the photographs to Y.

On May 4, 2011, Mrs. C. found the photographs of Sanchez and Y. on Y.'s computer. Mrs. C. and Y. argued, and Y. ran across the street to a park. Fearful for their daughter's safety, Mr. and Mrs. C. reported Y.'s absence to the police.

Within several hours, Ventura County Sheriff's Deputy John Sanders found Y. She informed him that during the first motel visit, she and Sanchez had sexual intercourse and that he orally copulated her. Several days later, Y. also informed Ventura County Sheriff's Detective Alberto Miramontes that she had sexual intercourse with Sanchez. At trial, Y. denied that she and Sanchez engaged in sexual acts. She stated that she "made the sex thing up" because she was angry that Sanchez traveled to Las Vegas with a former girlfriend.

At the direction of Miramontes, Mrs. C. and Y. made staged telephone calls to Sanchez. During the conversations, Sanchez neither admitted nor refuted Y.'s accusations of sexual conduct. At trial, the prosecutor played recordings of Y.'s telephone calls to Sanchez.

2

A search of Y.'s computer revealed four photographs of her and Sanchez taken on March 31, 2011, and three photographs of them taken on April 19, 2011. At trial, the trial court received the photographs into evidence. In one photograph, Sanchez was shirtless and he and Y. were embracing beneath a blanket.

The jury convicted Sanchez of committing a lewd act upon a child when the child was 15 years old and he was at least 10 years older. (§ 288, subd. (c)(1).) The trial court suspended imposition of sentence and granted Sanchez 36 months of formal probation, with terms and conditions that include serving 240 days confinement in county jail and payment of his probation supervision costs.

Sanchez appeals and contends that the trial court erred by: 1) admitting evidence of the April 19, 2011, motel encounter over his objection; 2) not instructing regarding the lesser included offense of battery; and 3) ordering costs of probation supervision as a condition of probation.

### DISCUSSION

### I.

Sanchez argues that the trial court abused its discretion by permitting evidence of the April 19, 2011, motel encounter because the evidence is unduly prejudicial pursuant to Evidence Code section 352. He asserts that an inflammatory photograph taken during the second encounter reflects "touching with possible lewd intent." Sanchez claims that the error denies him a fair trial and due process of law pursuant to the federal and California Constitutions. He contends that the error is reversible under any standard of review, pointing to the length of jury deliberations (three hours) and an alternate juror's notes requesting the definition of "lewd," and inquiring whether the charged offense occurred on March 31, 2011, or April 19, 2011.

Evidence Code section 352 requires the exclusion of evidence only when its probative value is substantially outweighed by its prejudicial effect. (*People v. Jones* (2013) 57 Cal.4th 899, 948.) Evidence is substantially more prejudicial than probative if ""broadly stated, it poses an intolerable 'risk to the fairness of the proceedings or the reliability of the outcome.'"" (*Ibid.*) The prejudice to which Evidence Code section 352 refers concerns

3

evidence that tends to evoke an emotional bias against the defendant as an individual and which has little effect upon the issues. (*People v. Lopez* (2013) 56 Cal.4th 1028, 1059.)

We review the trial court's rulings pursuant to Evidence Code 352 for an abuse of discretion. (*People v. Lopez*, *supra*, 56 Cal.4th 1028, 1059.) That standard of review requires reversal only if the court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a miscarriage of justice. (*People v. Rogers* (2013) 57 Cal.4th 296, 326.)

The trial court did not abuse its discretion by permitting evidence of the April 19, 2011, encounter because it related to the issue of Sanchez's intent and did not pose an intolerable risk to the fairness of the proceedings or the reliability of the verdict. (Evid. Code, § 1108 [evidence of other sexual offenses admissible to establish a defendant's propensity to commit a sexual offense, subject to Evidence Code section 352]; *People v. Jones*, *supra*, 57 Cal.4th 899, 948.) The April 19, 2011, offense involved acts occurring with the same victim several weeks following the March 31, 2011, offense. As the trial judge stated, the evidence was relevant whether Sanchez and Y. "had a sexual relationship together." Moreover, the court properly instructed with CALCRIM No. 1191 that the April 19, 2011, offense was not sufficient in itself to establish that Sanchez committed the earlier offense, as well as with instructions regarding reasonable doubt and the elements of the charged offense. (CALCRIM Nos. 220, 1112.) In sum, the evidence was not unduly prejudicial as to render Sanchez's trial fundamentally unfair.

## II.

Sanchez argues that the trial court erred by not instructing sua sponte regarding the lesser included offense of battery.

Following the completion of briefing in this appeal, our Supreme Court decided *People v. Shockley* (2013) 58 Cal.4th 400. *Shockley* resolved conflicting decisions among the appellate courts concerning battery as a lesser included offense of lewd conduct. It held: "[B]attery is not a lesser included offense of lewd conduct. Accordingly, if only lewd conduct is charged, the trial court has no duty to instruct on battery as a lesser included offense. Of course, if both lewd conduct and battery are charged, the court would have to

4

instruct on battery, but that would be as a separately charged offense, and not as a lesser included offense." (*Id.* at p. 406.)  Here the trial court did not err by not instructing regarding battery as a lesser included offense.  (*Ibid.*; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

*III.*

Sanchez contends that the $138 monthly cost of probation supervision pursuant to section 1203.1b, subdivision (a) may not be imposed as a condition of probation. The Attorney General concedes.

Section 1203.1b, subdivision (a) authorizes the trial court to order a defendant who has received a grant of probation to pay the costs of his probation supervision if he is financially able to do so.  (*People v. Hall* (2002) 103 Cal.App.4th 889, 892.)  Payment of such costs, however, cannot be a condition of probation.  (*Ibid.*)  Therefore, we deem the requirement to be a separate order to pay probation costs, not a condition of probation. (*Ibid.*; *People v. Hart* (1998) 65 Cal.App.4th 902, 907.)

We modify the probation order to strike the condition of payment of probation supervision costs, deem there to be a separate order that Sanchez pay the costs of his probation supervision, and otherwise affirm.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

5

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

Sylvia Whatley Beckham , under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Pamela C. Hamanaka, Deputy Attorney General, for Plaintiff and Respondent.