Filed 6/17/14  P. v. Ashworth CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ASHWORTH,<br><br>        Defendant and Appellant. | A137907<br><br>(Napa County<br>Super. Ct. No. 162531) |

Defendant Matthew Ashworth appeals from a judgment entered on his plea of no contest to a charge of receiving stolen property.  He contends the trial court imposed presentence report and probation supervision fees without following the proper procedures and without substantial evidence of his ability to pay them.  We shall affirm the judgment.

### I. BACKGROUND

On August 1, 2012, defendant was charged with receiving stolen property (Pen. Code, § 496, subd. (a)), with a special allegation that he committed the offense while on bail (Pen. Code, § 12022.1).[1]  He pled no contest to the offense on January 2, 2013.  On January 30, 2013, the trial court suspended the imposition of sentence and placed defendant on formal probation for three years with 180 days in jail, and the enhancement was dismissed pursuant to his plea agreement.

---

[1] The details of defendant's offense are not pertinent to this appeal.

1

The probation department had prepared a presentence report recommending defendant pay a restitution fine of $280, a $40 court security fee, a $30 criminal conviction assessment fee, a $75 jail booking fee, a $560 presentence investigation report fee, and a $240 probation supervision fee. The probation report indicated that defendant had over 17 years' work experience in the plastering business and worked for a plastering company from approximately 2008 until 2011. The report also noted that defendant supported only himself and his wife and that he had been receiving $125.00 per week on unemployment until September 2012.

At the sentencing hearing, the court indicated it also intended to impose $600 in attorney fees. Defendant requested that the court "strike the attorney fees, as well as the other fees imposed" on the basis that he was indigent. The court examined a form provided by defendant that stated he was unemployed and had no assets. The court asked defendant why he was not working, and defendant replied that his right arm was disabled. He said he had applied for disability benefits. The court waived only the attorney fees and imposed the $560 presentence investigation report fee and the $240 probation supervision fee challenged by defendant on this appeal.

## II. DISCUSSION

### A. *Notice of Right to Hearing*

Defendant contends the trial court's order requiring him to pay the $560 presentence report fee and the $240 probation supervision fee must be reversed because the probation officer and the sentencing court failed to follow procedures set forth by Penal Code[2] section 1203.1b in order to determine his ability to pay these costs.

Section 1203.1b, subdivision (a), requires the probation officer to determine the defendant's ability to pay all or a portion of the reasonable cost of preparing any presentence report and any probation supervision. It further provides that the probation officer "shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the

---

[2] All further statutory references are to the Penal Code.

defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver."

The probation officer's report does not state that the probation officer gave defendant notice of his right to a hearing on his ability to pay the fees, and nothing else in the record indicates whether or not defendant received such notice. Defendant takes the position that we must therefore assume he did not receive the required notice. He also contends the trial court violated section 1203.1b by failing to hold a hearing on his ability to pay. The problem with this contention is that defendant failed to raise any procedural objections below; that is, although he asked the court to strike the fees because he was indigent, he neither argued the probation officer failed to follow the correct procedures nor asked the court to hold a hearing on his ability to pay.[3]

In *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), our Supreme Court addressed forfeiture as a result of failure to object at sentencing. The court concluded the defendant's claim, that there was insufficient evidence supporting the defendant's ability to pay booking fees, was forfeited by the defendant's failure to object on the grounds that there was no evidence that the defendant had the ability to pay. (*Id.* at p. 591.) The court explained, "[o]ur application of the forfeiture bar to sentencing matters is of recent vintage. In *People v. Welch* (1993) 5 Cal.4th 228 . . . we held the defendant forfeited a challenge to the reasonableness of a probation condition because she failed to raise it when sentenced. In *People v. Scott* (1994) 9 Cal.4th 331, 354 . . . we held the defendant forfeited a claim that the sentence imposed on him, 'though otherwise permitted by law,

---

[3] At our request, the parties submitted supplemental briefing on the question of whether they waived their procedural objections by failing to raise them below. We note that two cases currently pending before our Supreme Court raise the issue of whether failure to object to an order for probation supervision fees forfeits a claim that the trial court erred in failing to make a finding of the defendant's ability to pay the amount in question. (See *People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571 and *People v. Trujillo*, review granted Nov. 26, 2013, S213687.)

[was] *imposed in a procedurally or factually flawed manner*.' " (*Id.* at p. 594, italics added.)

Defendant contends the fees must be reversed under *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1401 (*Pacheco*), which reversed a probation supervision fee, in part, on the ground that there was no evidence the probation department advised the defendant of his right to have the court determine his ability to pay. *Pacheco* is of dubious viability on this point. Our Supreme Court in *McCullough* expressly disapproved *Pacheco* to the extent it held that challenges to the sufficiency of the evidence to support a fee (in that case, a booking fee under Government Code section 29550.2) could be made for the first time on appeal. (*McCullough*, *supra*, 56 Cal.4th at p. 599.)

In any case, we find *People v. Valtakis* (2003) 105 Cal.App.4th 1066 (*Valtakis*) more persuasive. The defendant there challenged a probation fee on the grounds that the probation officer did not make an express finding of his ability to pay and gave no notice of the right to a separate hearing by the court, and that the trial court did not hold a separate hearing or make its own determination. This lack of notice, the defendant argued, "foreclose[d] any finding of a knowing and intelligent waiver of the right." (*Id.* at pp. 1070–1071.) However, in the trial court, the defendant had raised no objection to the fee. (*Id.* at p. 1069.) The Court of Appeal concluded the defendant had waived his argument by failing to raise it below, holding, "a defendant's failure to object at sentencing to noncompliance with the probation fee procedures of Penal Code section 1203.1b waives the claim on appeal, consistent with the general waiver rules of *People v. Welch* (1993) 5 Cal.4th 228 . . . and *People v. Scott* (1994) 9 Cal.4th 331." (*Id.* at p. 1068, fn. omitted.) The court reasoned, " 'In essence, claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner' [citation], which is exactly the claim here: the probation fees, otherwise permitted, were procedurally flawed (for absence of notice, a hearing or a finding) and factually flawed (for absence of evidence that the defendant had the ability to pay). The unauthorized-sentence exception does not apply." (*Id.* at p. 1072.)

We agree with the reasoning of *Valtakis* and follow it here. Although defendant raised a general objection to his ability to pay, he failed to apprise the trial court of his objection to the procedures followed by either the probation department or the court. By failing to raise his procedural objections in the trial court, defendant has waived them.[4]

B. *Substantial Evidence of Ability to Pay*

Defendant contends there was no evidence that he had the ability to pay the fees. The court must determine that the defendant is financially able to pay probation costs. (§ 1203.1b subd. (a); *People v. Hall* (2002) 103 Cal.App.4th 889, 892.) The finding of an ability to pay may be express or implied and must be supported by substantial evidence. (*People v. Pacheco, supra,* 187 Cal.App.4th at p. 1400; see also *People v. Nilsen* (1988) 199 Cal.App.3d 344, 347.) Under the substantial evidence test, "our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848–849, fns. omitted.)

Section 1203.1b, defines "ability to pay" as "the overall capability of the defendant to reimburse the costs, or a portion of the costs," and includes, among other things, the defendant's present financial position, reasonably discernible future financial position during the one-year period from the date of the hearing, and the likelihood that the defendant shall be able to obtain employment during this period. (§ 1203.1b, subd. (e).)

Here, the probation report notes that defendant had over 17 years' work experience in the plastering business, that he had worked as a plasterer for approximately

---

[4] Moreover, any claim that the probation department failed to follow the procedures required by section 1203.1b would rely on facts outside the appellate record, and would be more properly raised by a petition for habeas corpus or some other post-conviction proceeding.

three years until 2011, and that he supported only himself and his wife. In addition, defendant had been receiving $125.00 per week on unemployment until September 2012. Defendant argues his ability to pay is not supported by substantial evidence because the statement of assets defendant filed showed that he had no cash, no property, no job, and no assets. However, the probation report also stated that defendant has significant work experience as a plasterer, and although he claims he is no longer working in that field due to an arm injury, he has applied for disability benefits.

This evidence is sufficient to support the trial court's finding of defendant's ability to pay. "Ability to pay does not necessarily require existing employment or cash on hand." (*People v. Staley* (1992) 10 Cal.App.4th 782, 785.) On this record, the trial court could properly conclude that defendant's extensive work experience gave him the opportunity to obtain employment, or that, if he was unable to work as a plasterer due to his injury, he would receive disability benefits.

### III. DISPOSITION

The judgment is affirmed.

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Humes, J.

6