Filed 7/7/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Conservatorship of the Person of A.B. | |
| PUBLIC GUARDIAN OF CONTRA COSTA COUNTY, as Conservator, etc., <br><br>     Petitioner and Respondent, <br><br> v. <br><br> A.B., <br><br>     Objector and Appellant. | A160473 <br><br> (Contra Costa County <br> Super. Ct. No. MSP15-01661) |

A.B. appeals an order compensating the Public Guardian of Contra Costa County (public guardian) and the public guardian's attorney, Contra Costa County Counsel (county counsel), for services rendered to A.B. while the public guardian was acting as his (A.B.'s) conservator. A.B. contends the public guardian's petition failed to include sufficient information regarding the services rendered by the public guardian or regarding A.B.'s financial circumstances. He argues that absent this information, the court was unable to determine whether the requested compensation was "just and reasonable" as required by Probate Code section 2942.[1] Finally, A.B. contends the court improperly delegated its authority under section 2942 to the public guardian by directing the agency to defer collection of the compensation ordered if the public guardian determined collection would impose a financial hardship on A.B.

---

[1] All statutory references are to the Probate Code unless otherwise noted.

We conclude that the court had sufficient information before it to enable consideration of the factors enumerated in section 2942, subdivision (b), but that the court failed to do so and improperly delegated responsibility to the public guardian. Therefore, we must reverse the order granting the public guardian's petition for compensation.

## Background

A.B. is a 40-year-old male diagnosed to suffer from severe schizophrenia. He has been subject to conservatorships on and off over the last 20 years. According to his treatment team, he is not capable of remaining compliant with his medications regimen outside of a locked setting. The record reflects that A.B. has no real property or significant assets and his only income is $973.40 in monthly social security benefits.

The public guardian was most recently appointed as conservator of A.B. in 2016 and reappointed annually until the dismissal of the conservatorship in September 2019.[2]

In August 2017, the public guardian was awarded $1,025 and county counsel was awarded $365 in compensation for services rendered from March 2016 through February 2017. The compensation order indicates that collection "will be deferred to a future date if collection will be a hardship for conservatee." In December 2018, the court entered an order for compensation for the public guardian and county counsel in the same amounts and subject to the same limitation on collection, covering the period from March 2017 through February 2018. At issue now is the public guardian's petition for

---

[2] Appellant's request to take judicial notice of the records in other cases, including subsequent proceedings involving appellant, is denied as irrelevant.

2

compensation for services rendered from March 2018 until dismissal of the conservatorship in September 2019.

The public guardian's petition seeks $1,569.79 in compensation for its services and $365 in compensation for county counsel. Exhibit B to the petition sets forth in general terms the "typical services" rendered by the public guardian. The petition also alleges that county counsel "has rendered and performed legal services as attorney for petitioner including, but not limited to, preparing all necessary documents, making court appearances and giving legal advice to petitioner as requested." In a subsequently filed declaration, the public guardian clarified that it was requesting compensation for approximately 43 hours spent on "visits," approximately 30 hours spent on "court matters" and one hour spent on a phone call. The declaration adds that although the public guardian was requesting only $1,569.79 for its services, the hourly rate for the conservator is $150 under the local rules of court. Finally, the declaration indicates that "although county counsel had spent more time on this case," the amount requested by county counsel is less than one hour at the maximum hourly rate permitted by the local rules of court.

At a contested hearing on the petition, A.B.'s appointed attorney argued, among other things, that the petition failed to include the specificity required by statute regarding the nature and necessity of the services rendered, particularly in light of the fact that the most recent petition for reappointment was dismissed. Counsel also argued that A.B. had no assets or income from which to collect the ordered compensation and that it would be speculative to order compensation based on the idea that "at some point more money will come somehow else."

3

The court found that the request for compensation was just, reasonable and necessary to sustain the support and maintenance of the conservatee, and approved the petition as prayed. As with its previous orders, the court ordered the public guardian to defer collection of payment if it determined that collection would impose a financial hardship on the conservatee.

A.B. timely filed a notice of appeal.

## Discussion

Section 2942, subdivision (b) authorizes payment to the public guardian from the estate of the conservatee for "[c]ompensation for services of the public guardian and the attorney of the public guardian . . . in the amount the court determines is just and reasonable." Section 2942, subdivision (b) provides further, "In determining what constitutes just and reasonable compensation, the court shall, among other factors, take into consideration the actual costs of the services provided, the amount of the estate involved, the special value of services provided in relation to the estate, and whether the compensation requested might impose an economic hardship on the estate. Nothing in this section shall require a public guardian to base a request for compensation upon an hourly rate of service."[3]

---

[3] Section 2641 similarly authorizes conservators in general to petition the court for "just and reasonable" compensation for services rendered. Under California Rules of Court, rule 7.756, "[t]he court may consider the following nonexclusive factors in determining just and reasonable compensation for a conservator from the estate of the conservatee . . . : [¶] (1) The size and nature of the conservatee's . . . estate; [¶] (2) The benefit to the conservatee . . . , or his or her estate, of the conservator's . . . ; [¶] (3) The necessity for the services performed; [¶] (4) The conservatee's . . . anticipated future needs and income; [¶] (5) The time spent by the conservator . . . in the performance of services; [¶] (6) Whether the services performed were routine or required more than ordinary skill or judgment; [¶] (7) Any unusual skill, expertise, or experience brought to the performance of services; [¶] (8) The conservator's

4

A.B. contends the public guardian's petition did not contain sufficient evidence to support its finding that the compensation was just and reasonable. Initially, he argues "the record contains no evidence of the services provided to appellant or the actual costs of those services. While the public guardian declared it spent forty-three hours on 'visits,' it did not state with whom the visits were, the purpose of the visits or whether the visits accomplished anything. Thus, the court had no way of judging the benefit of these visits to appellant nor their necessity." A.B. similarly challenges the lack of "transparency" as to the thirty hours spent on "court matters," the one hour of "court time" allocated to county counsel and the one hour of time spent on the telephone. The only reasonable reading of the public guardian's declarations, however, is that the visits were with A.B., his family, or his treatment team. Whether the visits "accomplished anything" is not the test for just and reasonable compensation. The public guardian is entitled to "compensation for expenses that the conservator believed were necessary to benefit the conservatee [if] that belief was objectively reasonable." (*Conservatorship of Cornelius* (2011) 200 Cal.App.4th 1198, 1205.) Nor is it dispositive that the final petition for reappointment was ultimately dismissed. (See *ibid.* ["The deciding factor in awarding reimbursement in a conservatorship proceeding is not whether a permanent conservatorship is established but whether expenses were incurred in good faith and in the best interests of the proposed conservatee."].)

---

. . . estimate of the value of the services performed; and [¶] (9) The compensation customarily allowed by the court in the community where the court is located for the management of conservatorships . . . of similar size and complexity." The parties agree that section 2942, which expressly authorizes compensation to the Public Guardian, governs in this case.

5

The information provided in support of the petition is limited, to say the least. It would undoubtedly be advisable to provide some specifics, such as the dates of visits and the person "visited." However, the information provided includes the number of hours devoted to appellant's care and services, and the $1,569.79 requested is less than one quarter of the amount authorized by the local rules. We are therefore constrained to find the showing sufficient to support the court's finding that the services rendered were reasonable.

A.B. also asserts that the record contains no evidence regarding his financial condition. He argues, "Without it, the court had no way of considering 'the amount of the estate involved, the special value of services provided in relation to the estate, and whether the compensation requested might impose an economic hardship on the estate.' (§ 2942, subd. (b).)" A.B. also notes that based on the prior compensation orders, he is "already in debt for $2780" and without knowing whether that debt has been discharged, the court could not determine whether adding to that debt was reasonable.

The record makes clear, however, that A.B. has no assets and his only income is his social security benefits. The record also indicates that when he is not in a locked setting, he is most often homeless. Although this information was not expressly included in the petition for compensation, it was readily available in the court file, as A.B.'s attorney argued. The court acknowledged that A.B. has no assets or income other than his social security benefits, so that the failure to include A.B.'s financial circumstances in the petition was harmless.

Finally, A.B. argues that the court improperly delegated to the public guardian discretion to defer collection if necessary to avoid imposing a hardship on A.B. We agree. At the hearing, the court indicated that while the

6

compensation order, "would probably be [a financial hardship]," the court "did not think that [the] county would pursue collection under those circumstances." The court also noted that social security benefits are "typically . . . not subject to collection of a civil judgment." The written order expressly states, "Collection of said compensation will be deferred to a future date if collection will be a hardship for conservatee."

Section 2942, subdivision (b) requires the court to consider whether imposition of the requested compensation would pose an economic hardship on the conservatee's estate. While the court's order undoubtedly was intended to comply with the spirit of this requirement, the order does not comply with the letter of the law. The court is required to exercise its discretion but instead delegated its authority to the public guardian, which is not permissible. (See, e.g., *People v. Wilson* (1982) 130 Cal.App.3d 264, 269 [court cannot delegate to probation department determination regarding defendant's ability to pay costs of probation].)

The public guardian argues, "As the fees were necessary to sustain the support and maintenance of the conservatee, they were granted; however, the fees could only be collected if they do not impose hardship." This argument rewrites the statute. Section 2942 does not authorize compensation based solely on a showing that the fees were necessary to sustain the support and maintenance of the conservatee. It also requires consideration of whether the requested compensation is just and reasonable in light of the conservatee's financial circumstances. If payment of the ordered fees would impose a financial hardship on the conservatee, the conservatee is not obliged to have an unpaid order hanging over him or her, subject to the public guardian's discretion whether to attempt collection.

The factors for consideration found in section 2942, subdivision (b) were added to the statute in 1999. (Stats. 1999, ch. 866, § 1.) The legislative history explains that "[b]y clarifying the types of factors that should be considered when ordering such reimbursement of public guardians, this bill appears to strike a reasonable balance which takes into account the actual costs incurred by local governments in providing these important services while seeking to ensure that courts reduce such compensation requirements when estates are small, or the particular compensation requested by the public guardian might impose an economic hardship on the particular estate involved." (Assem. Com. on Jud., Analysis of Assem. Bill No. 1152 (1999-2000 Reg. Sess.) Aug. 16, 1999.) The court does not properly exercise its discretion if it merely delegates authority to the public guardian to defer collection if the public guardian deems collection to impose economic hardship.

The public guardian argues further that the order does not improperly delegate discretion because federal law does not permit the public guardian to collect against the conservatee's social security benefits.[4] But whether or

_____

[4] The respondent's brief explains, "In the case of conservatees that receive [social security] benefits, the representative payee would defer paying the conservator and attorneys fees from [social security benefits] if it would cause detriment or hardship to the conservatee, as required in the court's order authorizing the fees. The legislature has provided that the Social Security Administration and federal courts oversee the use of [social security] benefits through review, audit and appeal of a representative payee's actions. (42 USCS § 1383, subd. (a)(2), 42 USCS § 405, subds. (g), (h) and (j)(6)(c).) A 'misuse of benefits' occurs if used 'other than for the use and benefit of' the beneficiary. (42 USCS 405, subd. (j)(9).) The representative payee is liable for any amount misused and the beneficiary must be refunded any misused funds. (42 USCS § 405, subds. (j)(5) and (j)(7), 42 USCS § 1007.) [¶] . . . The representative payee of any [social security] benefits will ultimately determine if there is hardship, with oversight by the Social Security Commission and federal courts. (42 USCS § 405, subd. (g) and (h).) Social

not the public guardian could ever attach appellant's social security benefits, the court is not excused from considering whether the compensation requested is "just and reasonable" in light of the conservatee's financial circumstances, and in declining to make an award that is not. Accordingly, we shall reverse the order granting the public guardian's petition for compensation.[5]

## Disposition

The order awarding compensation is reversed and remanded for reconsideration, which shall include consideration of A.B.'s financial circumstances.

POLLAK, P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.

---

Security benefits are not subject to civil collections proceedings, garnishment or attachment. (42 USCS § 407.)"

[5] In light of this conclusion, we need not decide whether the filing of a formal inventory and appraisal under section 2610 is a prerequisite for a petition for compensation by the public guardian. Even if not, if the public guardian is requesting fees, it is incumbent on the guardian to make a showing as to "the amount of the estate involved" and that the amount of compensation requested would not "impose an economic hardship on the estate." (§ 2942, subd. (b)). If no fees are requested, the issue is academic.

Trial court:                                Contra Costa County Superior Court

Trial judge:                              Honorable Susanne M. Fenstermacher

Counsel for petitioner and respondent:    Sharon L. Anderson, County Counsel
Nina Dong, Deputy County Counsel

Counsel for objector and appellant:         Julia Freis

A160473